## 34922. JACKSON *v.* MARTIN.

CARLISLE, J. 1. Where, in an action for damages to recover for the death of her husband, which was occasioned by a head-on collision between the defendant's automobile and the automobile of another in which her husband was riding as a guest passenger, the plaintiff's sole allegation of negligence is that the defendant was traveling in her automobile on the wrong side of the road in violation of law—if the plaintiff is to recover, she must do so by proof of the negligence charged in her petition, the burden being upon her to establish her case as laid; and, where, upon the trial of the case, the defendant introduced no evidence, but

was available and was cross-examined, and the total effect of the plaintiff's evidence was that the defendant was traveling on her side of the highway on a rainy day, the pavement was slippery, and, just as the two automobiles met each other, the defendant's automobile, which was not being operated at a high rate of speed, for some *unexplained* reason slipped or skidded across the center line of the highway and collided with the automobile in which the plaintiff's husband was riding, a verdict for the defendant was demanded, as the presence of the defendant's automobile on the wrong side of the road is explained by the plaintiff's evidence as the result of slipping or skidding, but the slipping or skidding of the defendant's automobile, which is without explanation, is as consistent with innocence on the defendant's part as it is with her negligence; and the plaintiff, therefore, failed to carry the burden of proof (Goyette *v.* Amor, 294 Mass. 355, 2 N. E. 2d 219); nor would the doctrine of res ipsa loquitur be applicable, under the circumstances of this case, so as to relieve the plaintiff of proving her case as laid. *Floyd* v. *Swift & Co.*, 59 *Ga. App.* 154, 157 (200 S. E. 531).

2. As the verdict for the defendant was demanded, it is not necessary that we consider the other assignment of error in the motion for new trial. *Grady County* v. *Banker*, 81 *Ga. App.* 701 (5) (59 S. E. 2d 732).

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED NOVEMBER 17, 1953—REHEARING DENIED DECEMBER 2, 1953.

*J. B. Joel, Howard, Howard, Slaton & Holt, E. Freeman Leverett,* for plaintiff in error.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Sidney Haskins,* contra.