40096.   BOATRIGHT v. SOSEBEE.

Decided June 14, 1963.

*Ronald L. Adams,* for plaintiff in error.

*Thomas, Howard & Moran, Ernest A. Moran,* contra.

JORDAN, Judge. 1. The bill of exceptions assigns error on the following order of the trial court, entered February 1, 1963: "It appearing to the court that the amendment to defendant's answer filed on the 25th day of May, 1962, was allowed in open court on the 30th day of May, 1962, and it further appearing that the order allowing said amendment was not entered thereon, It is ordered, nunc pro tunc, that the allowance of said amendment on the 30th day of May, 1962, appear of record in terms of law, and an order is made accordingly." It was within the authority and discretion of the trial court to enter said nunc pro tunc order under the provisions of *Code* §§ 24-104 (6) and 81-1201; and this assignment of error is without merit.

2. The special grounds of the amended motion for new trial assign error on three excerpts from the charge of the court which embodied principles of law relating, respectively, to the doctrines of accident, sudden emergency and comparative negligence, it

being the sole contention in each of said grounds that the charges complained of were unauthorized by the pleadings and the evidence. These grounds are without merit.

The issue of accident was raised by the defendant's answer and that of sudden emergency by the pleadings of both parties; and under the evidence the jury was authorized to find that the plaintiff was confronted with a sudden emergency when the driver of a parked automobile backed his vehicle into the plaintiff's lane of traffic and that the defendant's wife was under the compulsion of emergency, not caused by negligence on her part, when the plaintiff, without giving warning, suddenly stopped his automobile in front of her; and that as to the plaintiff and defendant in this case, the cause of the occurrence was an accident, that is, "a happening which, although not wholly free from negligence by some person, was not proximately caused by a failure of either of the parties to a case to exercise ordinary care in the situation." *Baggett v. Jackson,* 79 Ga. App. 460 (1, 2) (54 SE2d 146) ; *Pickering v. Wagnon,* 91 Ga. App. 610 (3, 4) (86 SE2d 621) ; *Whitfield v. Wheeler,* 76 Ga. App. 857 (47 SE2d 658).

The defendant in his answer further alleged that the plaintiff was negligent in suddenly stopping his automobile without giving signal or warning and that the negligence of the plaintiff was greater than the negligence of the defendant, if any; and as in the *Jackson* case, supra, (hn. 3), the evidence was also subject to this construction by the jury, and authorized the charge on comparative negligence.

3. The evidence authorized the verdict rendered and the general grounds of the motion for new trial are without merit.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*