50342. GUTHRIE et al. v. BOOSE et al.

Submitted February 25, 1975 — Decided March 13, 1975.

*William R. Parker,* for appellants.
*N. Forrest Montet, Malcolm P. Smith,* for appellees.

Deen, Presiding Judge.

■ The motion to dismiss the appeal is denied. Rule 14 (a) of the rules of the Court of Appeals as amended

March 2, 1972.

■ Liability of the defendant Kassuba Development Corporation depended primarily upon alleged negligence per se in parking the "dumpster" in a manner contrary to ordinances applicable to the unincorporated areas of DeKalb County. Upon the first trial of this case these ordinances were introduced in evidence, and the special grounds contending that instructions thereon were error were sustained by the trial court and were specified as the reason for granting the new trial. The transcript of evidence on the first trial is in the record before us and indicates that the only witness who attempted to locate the Mountain Trace Apartments where the incident happened testified that the complex was "in Decatur," a municipality as to which the ordinances would not be applicable. Although the witness also gave a description as being some two blocks off Interstate Highway 285, and even assuming that we could take judicial notice that such a location could not be within the corporate limits of the municipality, we as well as the trial judge and jury would be faced with two diametrically opposite statements by the same witness, which would prove nothing. Accordingly, the grant of the first new trial for lack of proof of the venue of injury was without error. (Grounds 1, 2, 3, 4, 5, 10 and 13).

■ When a plaintiff sues multiple defendants whose separate acts of negligence are alleged to have concurred in causing the plaintiff's injury, and at the trial the jury finds in favor of one defendant and against the other, the grant of a new trial to the complaining defendant against whom verdict and judgment were rendered will not affect the defendant in whose favor a verdict was returned so as to compel that defendant to reenter the litigation and participate in another trial if the co-defendant's appeal is successful. *Gordon v. Johnson,* 114 Ga. App. 207 (150 SE2d 461); *Durrett v. Farrar,* 130 Ga. App. 298, 301 (203 SE2d 265); *Brissette v. Munday,* 222 Ga. 162 (149 SE2d 110). It follows that after the original verdict and judgment the case has been finally disposed of and is no longer pending against the successful defendant. This being so, if any party to the litigation seeks a new trial against the successful defendant, the motion must be filed

within 30 days after the entry of judgment on the verdict. Code Ann. § 70-301. It is to be noticed that *Munday v. Brissette,* 113 Ga. App. 147, 154 (148 SE2d 55) was an action by the plaintiff against two motorists based on concurring acts of negligence, on the trial of which the jury found for one defendant and against the other. Both losing parties appealed from the adverse portions of the verdict. Although the Supreme Court in *Brissette v. Munday,* supra, reversed this court (which had held that, the verdict against the losing defendant containing errors of law, a new trial should be granted as against the winning defendant also) it did not reverse the second division of the opinion, holding that the "fact that the plaintiff's motion is still pending below, therefore, does not deprive the appellant of his right to independently press his motion to its proper conclusion and test it by appeal." Plaintiff, had he wished to complain of the verdict in favor of the defendant motorist, could have appealed from the judgment thereon. Not having done so, he cannot include here an enumeration of error relating to the successful defendant in an appeal filed after a second trial several months later. Enumerations of error 6, 7, 8 and 9 are without merit.

■ The court instructed the jury that if "the incident occurred from some unknown cause and not due to the negligence of any of the parties in this case, this would be considered an accident within the meaning of the law and would require you to bring back a verdict for the defendant" that *accident* is an event which occurs without fault, carelessness, or want of circumspection of the person affected and that "if you should find that the incident in issue in this case was an accident within the meaning of the law as heretofore defined for you by this court, then and in that event it would be your duty to return a verdict for the defendant." He further instructed the jury that the four-year-old plaintiff was incapable of negligence. He stated that if they found that the negligence of "anyone else" was the sole proximate cause of the injury, and the defendant was guilty of "no negligence whatsoever" then they should find for the defendant.

Appellant contends these instructions were error,

and that the evidence demands a finding that the injuries were caused by either Boose, the corporation, or both. Where the injury could have been caused only by the negligence of one or the other of the defendants, or both concurrently, a charge on accident is error. *Davenport v. Little,* 132 Ga. App. 391, 393 (208 SE2d 179). The term *accident* may be used "to indicate a happening which, although not wholly free from negligence by some person, was not proximately caused by a failure of either of the parties to· a case to exercise ordinary care in the situation." *Baggett v. Jackson,* 79 Ga. App. 460 (1) (54 SE2d 146); *Boatright v. Sosebee,* 108 Ga. App. 19 (2) (132 SE2d 155).

The second trial of this case was against the defendant Kassuba only, and the court made it clear that before the jury could find a defendant's verdict on the basis of accident they must determine that the corporation, acting through its agents, was in no manner negligent. Negligence on the part of Mrs. Boose was not involved; she was not a party at this trial. Negligence of the injured child was not involved; his act could not be denominated negligence on account of his youth and the person in charge of him at the time did not appear in the case in the capacity of either defendant or witness. The acts of any or all of these could have constituted an "unknown cause" because the jury was deciding negligence vel non on the part of the defendant only. The instructions were without error.

*Judgment affirmed. Stolz, J., concurs. Evans, J., concurs in the judgment only.*