### 52707. GILBERT v. PARKS.

SMITH, Judge.

This appeal is from a verdict and judgment for plaintiff in an automobile collision case in which defendant collided with plaintiff across the center line on plaintiff's side of the road.

The jury verdict was for complainant in the amount of $16,771.52 and judgment was entered thereon, and appeal to this court followed. *Held:*

1. (a) There was no error in charging the jury as to the diminished future earning capacity or loss of future earnings of the complainant as the evidence was sufficient to authorize such a charge; and there was no error in refusing to direct a verdict in favor of the defendant on this issue. Sufficient evidence as to permanency of the injury, its effect on earnings, and the monetary amount thereof was produced so as to authorize such a finding. See in this connection *McDuffie County v. Rogers,* 124 Ga. App. 442 (3) (184 SE2d 46); *Southern R. Co. v. Daniell,* 102 Ga. App. 414, 422 (116 SE2d 529); *Rogers v. Wilson,* 100 Ga. App. 301, 305 (111 SE2d 251); *Atlanta Metallic Casket Co. v. Hollingsworth,* 107 Ga. App. 594 (131 SE2d 61).

(b) Nor was it error to charge that the loss or impairment of ability to work may cause grief, distress or worry and may be considered by the jury in determining damages for the pain and suffering. See in this connection *West v. Moore,* 44 Ga. App. 214 (2) (160 SE 811); *Southern R. Co. v. Groover,* 41 Ga. App. 746 (4) (154 SE 706); *Jones v. Hutchins,* 101 Ga. App. 141, 144 (113 SE2d 475).

2. Error is enumerated on the following charge as not being adjusted to the pleadings and the evidence. "No person shall drive a vehicle on a street or highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event, speed shall be so controlled as may be necessary to avoid colliding with any (person or) person's vehicle or other conveyance on or

entering the highway in compliance with legal requirements and duty of all persons to use due care."

This charge was taken from § 48 (a) of the Uniform Act Regulating Traffic on Highways (Ga. L. 1953, Nov. Sess., pp. 556-577; former Code Ann. § 68-1626 (a)) which was in effect at the time of the collision, and was repealed by § 4 of the Act of 1975 (Ga. L. 1975, pp. 1582, 1587). See § 1 of that Act enacting Code § 68A-801; see also The Uniform Rules of the Road Act amending the Code of 1933 by adding a Title 68A (Ga. L. 1974, pp. 633-699). The evidence was amply sufficient to authorize this charge as applicable to both parties.

3. Error is enumerated on the following charge: "No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in § 68-1644 [referring to § 66 of the Act of 1953, supra, being former § 68-1644 of Ga. Code Annotated] to turn a vehicle to enter a private road or driveway or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety. No person shall turn any vehicle without giving an appropriate signal in the manner hereinafter provided, in the event any other traffic may be affected by such movement."

This charge was taken from § 69 (a) of the Uniform Act Regulating Traffic on Highways (Ga. L. 1953, Nov. Sess., pp. 556, 587; former Code Ann. § 68-1647 (a)) which was in effect at the time of the collision and was repealed by § 3 of the Uniform Rules of the Road Act, supra (Ga. L. 1974, pp. 633-691). Inasmuch as both parties accuse the other of turning left into the other party's lane of travel and there is evidence the defendant entered the highway making a turn therein with her wheels off the roadway and ran off again and apparently failed to gain control of her automobile running off the roadway two more times before crossing the center line, as shown by the testimony of the one eyewitness, this charge was applicable.

4. "Accident" in its strict sense implies the absence of negligence for which no one would be liable. *Stansfield v. Gardner,* 56 Ga. App. 634, 635 (193 SE 375). Where, as in the present case, neither the pleadings nor the evidence raise any question of "accident" but the only issue in the

case is whether the plaintiff negligently crossed the center line of the roadway and struck the defendant, or the defendant negligently crossed the center line of the roadway and struck the plaintiff, a charge injecting a theory of accident as a cause of a collision would be calculated to distract a jury from the real issue in the case, and if given, it would have been error. See *Morrow v. Southeastern Stages,* 68 Ga. App. 142 (22 SE2d 336). There was no error therefore in failing to charge on the theory of accident.

*Judgment affirmed. Stolz and Marshall, JJ., concur.*

ARGUED SEPTEMBER 9, 1976 — DECIDED OCTOBER 28, 1976 — REHEARING DENIED NOVEMBER 24, 1976 —

*Hurt & Pfeiffer, James W. Hurt,* for appellant.

*Mullis, Reynolds, Marshall & Horne, W. Carl Reynolds, Gerald S. Mullis, G. Mallon Faircloth,* for appellee.