## 60902. PALMORE v. STAPLETON.

SOGNIER, Judge.

Palmore brought this personal injury action as a result of a three car collision in Savannah. The evidence discloses that on December 22, 1975 Harvey Hodges was driving on White Bluff Road and had entered its intersection with Eisenhower Drive. Traffic on White Bluff was "bumper to bumper" when a car pulled out from

Eisenhower into the intersection in front of Hodges. Hodges applied his brakes in a "panic stop," as hard as he could apply them. Palmore was in the car immediately behind Hodges, traveling at about 35 miles per hour. When Hodges stopped, Palmore applied his brakes and also stopped. Appellee Stapleton was following Palmore; when Palmore stopped, Stapleton slammed on his brakes and hit Palmore's car, knocking it into the rear end of Hodges' car. At the time, Stapleton was also traveling at a speed of 30 to 35 miles per hour, but he could not state how close he was following Palmore's car. Palmore suffered injuries to his neck as a result of the collision. A verdict was returned in favor of Stapleton and Palmore appeals contending the trial court erred (1) by charging the jury on the doctrines of sudden emergency and accident, and (2) by denying his motion for a directed verdict.

1. An unavoidable accident is defined as one which under all the circumstances could not have been prevented by the exercise of reasonable care. In its proper use the term "accident" excludes negligence; that is, an accident is an event which occurs without the fault, carelessness, or want of proper circumspection of the person affected, or which could not have been avoided by the use of that kind and degree of care necessary to the exigency and in the circumstances in which he was placed. The theory of "accident" only applies when the injury does not result from the negligence of either party, and is a mere casualty not due to the negligence of anyone, *Cohran v. Douglasville Concrete Products,* 153 Ga. App. 8, 9 (264 SE2d 507) (1980), *but* may be due to the negligence of a third person not a party to the suit. *Boatright v. Sosebee,* 108 Ga. App. 19, 21 (132 SE2d 155) (1963).

Emergency, or sudden peril, which would affect one's judgment, has been defined by our courts as follows: " 'Anything which operates to deprive a person of ability to exercise his intellectual powers and guide his acts thereby will relieve him of an imputation of negligence that otherwise might arise from his conduct . . . The rule judicially stated is that one who in a sudden emergency acts according to his best judgment, or who, because of want of time in which to form a judgment, omits to act in the most judicious manner, is not chargeable with negligence.' " *Bryant v. Ga. R. &c. Co.,* 162 Ga. 511, 517 (134 SE 319) (1926); *Converse v. O'Keefe,* 148 Ga. App. 675 (252 SE2d 92) (1979).

The issues of accident and sudden emergency were raised by the evidence, and the trial court correctly charged the jury on those issues.

2. Appellant contends the trial court erred in failing to grant his motion for directed verdict. We do not agree. In cases involving

rear-end collisions, the liability, degree of liability, or lack of liability on the part of any involved driver depends upon a factual resolution of the issues of diligence, negligence, and proximate cause. These issues should be resolved, excepting very rare cases, by the jury and not by trial and appellate judges. *Atlanta Coca-Cola Bottling Co. v. Jones,* 236 Ga. 448, 451 (224 SE2d 25) (1976). The cases cited by appellant do not require a different result. In *Nail v. Green,* 147 Ga. App. 660 (249 SE2d 666) (1978), the defendant testified that he "either looked down or looked away from the road" immediately before the collision. In *Wallace v. Yarbrough,* 155 Ga. App. 184 (270 SE2d 357) (1980), the defendant admitted *in judicio* that he knew he was responsible for the accident. Thus, the existence of liability in the instant case is to be determined by a jury unless there was no dispute as to the facts, and they amount to a confession of liability as a matter of law. *Nail v. Green,* supra. While what actually happened is not in dispute, whether an emergency existed or not was a question to be determined by the jury. *Gordon v. Gordon,* 133 Ga. App. 520, 524 (211 SE2d 374) (1974). It was proper for the trial court to deny appellant's motion for directed verdict.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 27, 1981.

*Charles R. Ashman,* for appellant.
*William H. Pinson, Jr.,* for appellee.