## 61123. LYNCH et al. v. BROOM et al.

SOGNIER, Judge.

Appellant's car was the lead vehicle at an entrance (exit from a shopping center) to Northlake Parkway and came to a stop before entering the parkway. Appellee's car was stopped behind appellant's vehicle. Appellant started into the parkway and saw a car approaching on the parkway "pretty fast" and stopped a second time. According to appellant, she moved only two inches forward before making the second stop. Another witness, however, testified appellant had entered the parkway far enough to start merging into the stream of traffic. Appellee testified that he looked to the left in preparing to enter the parkway and that the way was sufficiently clear for appellant to enter the parkway. While looking to the left appellee released his brakes, preparing to make his entrance into the parkway. At the same time, appellant's vehicle made its second stop and appellee's vehicle collided with its rear end.

Appellant sued appellee for physical injuries, and a jury returned a verdict for appellee. Appellant contends the court erred in failing to grant her motion for a directed verdict, and in charging on "accident" when there was no evidence to support the charge.

1. Appellant contends that her motion for a directed verdict should have been granted because appellee stated that he looked to the left and was still so looking when his vehicle made contact with appellant's vehicle. However, under present day traffic conditions, particularly when entering an expressway or parkway, it is not unusual to keep turning one's head to watch oncoming traffic in preparing to enter a parkway such as the one involved here, and to watch the vehicle to one's front and rear. We do not find the testimony of appellee to be an admission of liability, particularly in view of *Atlanta Coca-Cola Bottling Co. v. Jones,* 236 Ga. 448, 450 (224

SE2d 25) (1976), where the Supreme Court said: " 'All drivers of vehicles using the highways are held to the exercise of due care. A leading vehicle has no absolute legal position superior to that of one following. Each driver must exercise ordinary care in the situation in which he finds himself. The driver of the leading vehicle must exercise ordinary care not to stop, slow up, nor swerve from his course without adequate warning to following vehicles of his intention so to do. The driver of the following vehicle, in his turn, must exercise ordinary care to avoid collision with vehicles, both those in front and those behind him. Just how close to a vehicle in the lead a following vehicle, ought, in the exercise of ordinary care, be driven, just what precautions a driver of such a vehicle must in the exercise of ordinary care take to avoid colliding with a leading vehicle which slows, stops, or swerves in front of him, just what signals or warnings the driver of a leading vehicle must, in the exercise of due care, give before stopping or slowing up of his intention to do so, may not be laid down in any hard and fast or general rule. In each case except when reasonable minds may not differ, what due care required, and whether it was exercised, is for the jury.' "

We find no error in the trial court's refusal to direct a verdict for appellant on the question of liability.

2. Appellant also contends that even though accident was pleaded as a defense, a charge on accident was not warranted by the evidence. Appellant argues that a charge on accident implies a lack of fault on the part of both plaintiff and defendant. We agree. Appellant cites *Cohran v. Douglasville Concrete Products,* 153 Ga. App. 8 (264 SE2d 507) (1980) for the proposition that even though "accident" is pleaded as a defense, nevertheless, it must also be warranted by the evidence. Again we find no fault with this legal premise. Evidence authorizing a charge on accident can be evidence which shows the cause of the accident to be the actions of one other than the two parties to the suit. *Cohran,* supra, at p. 9. In *Boatright v. Sosebee,* 108 Ga. App. 19 (132 SE2d 155) (1963), we find a situation analogous to the instant case. In *Boatright,* the plaintiff's lead vehicle stopped to avoid colliding with an unidentified vehicle which pulled in front of her. The rear vehicle then collided with plaintiff's vehicle. There the same objection to the "accident" charge was made and the court answered that an (accident) is "a happening which, although not wholly free from negligence by some person, was not proximately caused by a failure of either of the parties to a case to exercise ordinary care in the situation." *Baggett v. Jackson,* 79 Ga. App. 460 (1) (54 SE2d 146) (1949); *Pickering v. Wagnon,* 91 Ga. App. 610 (3, 4) (86 SE2d 621) (1955). There is sufficient evidence in the instant case to authorize a jury to find that appellant was required to make a stop

after proceeding partially into the parkway by the actions of a car coming toward her vehicle "pretty fast." The jury was further authorized to find, and apparently did find, that appellee in momentarily looking to the left to see approaching traffic was not negligent and that appellant was also free from negligence. We find the evidence of accident, while slim, sufficient to authorize a charge thereon when properly requested.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED MARCH 18, 1981 —

*William D. Temple, R. Stacy Hylton,* for appellants.
*Ronald D. Reemsnyder,* for appellees.