## 64746. GARRETT v. BRANNEN et al.

DEEN, Presiding Judge.

According to the testimony of the defendant appellees the car owned by Brannen and driven by his wife was proceeding in the right lane of an interstate highway when it was passed by the vehicle in which the infant plaintiff was a passenger and which was being driven by her father. After passing the Brannens, Garrett turned into the right lane, intending to leave the highway at the next exit, but noticed a motorist with several children in the emergency lane and, intending to help them, slowed down or stopped (depending upon conflicting eyewitness accounts) and his automobile was rear-ended by the Brannen car. The Brannens testified that as they were moving down the highway in the right lane at a reasonable speed Garrett suddenly pulled in front of their car, applied his brakes and stopped so suddenly that Brannen was unable to avoid hitting it. From a verdict in favor of the defendants the plaintiff appeals.

1. The court instructed the jury on the law of accident as an event occurring without the negligence of either plaintiff or defendant. Where a motor vehicle collision occurs under circumstances such that it must be attributed to negligence on the part of the plaintiff or the defendant or both, such an instruction gives the defendant a defense to which he is not entitled and it is reversible error. *Davenport v. Little,* 132 Ga. App. 391 (208 SE2d 179) (1974); *Cochran v. Mitchem,* 143 Ga. 35 (2) (84 SE 127) (1914); *Compher v. Ga. Waste Systems, Inc.,* 155 Ga. App. 819 (273 SE2d 200) (1980); *Harper v. Hall,* 76 Ga. App. 441 (46 SE2d 201) (1948). It has been said that "the better course would appear to be to omit the instruction except in those instances in which quite plainly it is peculiarly appropriate." Unavoidable Accident Instruction, Anno., 65 ALR2d 12, 24. There are, however, occasions, even in two-car collisions, where the instruction has been approved under the particular circumstances of the case. *Elder v. MARTA,* 160 Ga. App. 78 (286 SE2d 315) (1981); *Palmore v. Stapleton,* 157 Ga. App. 691 (278 SE2d 476) (1981); *Lynch v. Broom,* 158 Ga. App. 52 (279 SE2d 302) (1981). In the present case it seems clear that one or both of the drivers of the colliding vehicles was at fault or the impact would not have occurred. The infant plaintiff, however, was a passenger in the vehicle, was not at fault, and negligence on the part of her father cannot be imputed to her. Under these circumstances the instruction does not constitute reversible error.

2. Exception is taken to a jury instruction as that part of Code § 68A-1003 (1) which forbids drivers to stop, stand, or park at the side of a limited access highway, because the second division of the statute excepts from its provisions stops for the purpose of picking up passengers. An instruction which might appear to authorize a sudden stop for any purpose without regard to other traffic on the highway would have been likely to mislead the jury. The issue was not whether the plaintiff's father could give aid to a stranded motorist, but whether he was negligent in the manner in which he attempted to do so. No reversible error appears.

*Judgment affirmed. Shulman, P. J., and Pope, J., concur.*

DECIDED OCTOBER 18, 1982.

*R. B. Donaldson, Jr., Andrew W. Estes,* for appellant.
*Don Smart,* for appellees.