64362. REECE v. CALLAHAN et al.

SOGNIER, Judge.

Reece sued Callahan for personal injuries arising out of an automobile collision which occurred when Callahan lost control of her car on a patch of ice and slid into the path of Reece's oncoming car. The jury returned a verdict in favor of Callahan. Reece's motion for a new trial was denied and she appeals. Appellant contends the trial court erred in submitting the case to the jury and charging on the issues of accident and sudden emergency. We affirm.

The evidence showed that Callahan was driving at a reduced speed because of foggy conditions when she encountered a 400 to 500 foot sheet of ice on the road. The ice was thin and not readily visible, and Callahan did not see it before she drove onto it. She had observed ice on the side of the road and frozen potholes, but had not encountered ice that interfered with control of her car until she reached this patch. After she discovered she was on the ice, Callahan ceased to accelerate and attempted unsuccessfully to steer the right wheels of the car onto the shoulder. Reece, whose car was approaching from the opposite direction, testified that she observed nothing unusual about the movement of Callahan's car to alert her to problems. Callahan never regained control of her car but did maintain it in the proper lane until just before Reece's car passed, when Callahan's car unexplainably slid over into Reece's lane.

The trial court gave the following charge on accident:

"Members of the jury, if you should find from the evidence in this case that neither Plaintiff nor the Defendant were guilty of negligence, then, any injuries or damage would be the result of an accident. The word accident has two or more specific and distinct meanings. As used in connection with this case, it does not have the meaning which the word has to the average layman.

"In Georgia law it means in connection with personal injury such as this, an injury which occurs without being caused by the negligence either of the Plaintiff or of the Defendant. The idea of accident

excludes responsibility for the cause of injury. If you find from the preponderance of the evidence that the Plaintiff's damages, if any, were caused by accident as I have defined the word, that is, occurred without any lack of ordinary care and diligence on the part of the Plaintiff or Defendant, then, the Plaintiff could not recover damages."

The evidence supports the theory that the injury did not result from the negligence of either of the parties, *Harper v. Hall,* 76 Ga. App. 441, 447 (46 SE2d 201) (1948) and could not have been avoided by the exercise of reasonable care. *Ware v. Alston,* 112 Ga. App. 627, 631(2) (145 SE2d 721) (1965). See *Elder v. MARTA,* 160 Ga. App. 78, 79 (286 SE2d 315) (1981); *Pirkle v. Triplett,* 155 Ga. App. 945, 946 (3) (274 SE2d 59) (1980); *Cohran v. Douglasville Concrete Products,* 153 Ga. App. 8(1) (264 SE2d 507) (1980); *Jackson v. Martin,* 89 Ga. App. 344(1) (79 SE2d 406) (1953). Thus, the charge on accident was a correct statement of the law and adjusted to the evidence.

In addition the court charged the following on sudden emergency:

"Members of the jury, the Court at this time instructs you that one who is confronted with a sudden emergency which was not created by his or her own fault without sufficient time to determine accurately and with certainty the best thing to be done, is not held to the same accuracy of judgment as would be required of him or her if he or she had more time for deliberation. The requirement of such a person is ordinary diligence under all the facts and circumstances surrounding the situation."

With regard to this issue, the evidence showed that Callahan lost the ability to control her car from the time she drove onto the ice patch through the point of collision. By the time she first saw Reece's car in the distance, she was already skidding on the ice, trying to maneuver the car onto the shoulder, and neither accelerating nor braking. She testified that she put on her blinking emergency lights but did not honk her horn or flash her headlights from dim to high beam.

Callahan's conduct fits within the doctrine of sudden emergency. She had the opportunity to exercise a choice in alternative courses of action after apprehension of the danger. *Johnston v. Woody,* 148 Ga. App. 152, 153 (250 SE2d 873) (1978); *Ford v. Pinckney,* 138 Ga. App. 714, 716-717 (227 SE2d 430) (1976). However, she was required to make quick judgments on the immediate action to be taken without having time for mature reflection. *Federal Ins. Co. v. Pascoe Steel Corp.,* 161 Ga. App. 204 (1) (288 SE2d 267) (1982); *Johnston,* 148 Ga. App. at 153, supra. We note that the evidence supporting the charge on accident also supports the

proposition that Callahan was not at fault in the creation of the emergency situation. *Gordon v. Gordon,* 133 Ga. App. 520 (211 SE2d 374) (1974).

As there was ample evidence on which to submit the issues of accident and sudden emergency to the jury, the trial court did not err by charging on these issues. *Palmore v. Stapleton,* 157 Ga. App. 691 (278 SE2d 476) (1981). See also *East Side Auto Parts v. Wilson,* 146 Ga. App. 753 (247 SE2d 571) (1978).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 26, 1982.

*Edward L. Savell,* for appellant.
*Eugene Novy, Guerry R. Moore, John F. Daugherty, Drake E. Chandler,* for appellees.