66461. CHADWICK et al. v. MILLER et al.

CARLEY, Judge.

Appellant-plaintiffs are the children of Mrs. Linda Chadwick. Mrs. Chadwick had been a passenger in an automobile operated by her sister, Ms. Frix. As Ms. Frix was making a left turn across the path of oncoming highway traffic, her automobile was hit broadside by a vehicle which was owned by appellee-defendant ACCO Industries, Inc., (ACCO) and which was operated by appellee-defendant Miller, an ACCO employee. Mrs. Chadwick died as the result of the injuries

she sustained in the collision.

Appellants, by next friend, instituted the instant wrongful death action against three defendants; Ms. Frix and appellees Miller and ACCO. The case was tried before a jury and a verdict for all three defendants was returned. Judgment was entered on the verdict and appellants filed a timely motion for new trial as to all three defendants. The trial court subsequently granted appellants' motion for new trial as to defendant Frix. This ruling was based upon an erroneous charge on the principle of imputed negligence. The motion for new trial was denied, however, as to appellees Miller and ACCO. The court's order partially denying appellants' motion for new trial did not originally direct the entry of a final judgment for appellees pursuant to OCGA § 9-11-54 (b) (Code Ann. § 81A-154).

Under the above discussed procedural posture, we determined in *Chadwick v. Miller,* 165 Ga. App. 20 (299 SE2d 93) (1983), that appellants' appeal from the denial of their motion for new trial as to appellees had to be dismissed as premature. This result was required because appellants' action was still pending as against Ms. Frix, and the order appealed from, which denied a new trial as to appellees, did not comport with the requirements of OCGA § 9-11-54 (b) (Code Ann. § 81A-154) so as to "supply the necessary prerequisite of 'finality' to the appealability of the judgment entered in [appellees'] favor . . ." *Chadwick v. Miller,* supra at 21. Subsequent to the dismissal of that former appeal, the trial court, acting pursuant to OCGA § 9-11-54 (b) (Code Ann. § 81A-154), supplied the "finality" to the judgment in favor of appellees which previously had been lacking. The instant appeal is from that now-final judgment in favor of appellees.

1. Appellants first enumerate as error the giving of a charge on legal accident. It is urged that a charge on that principle was unauthorized under the evidence.

It has long been recognized that the defense of legal accident is a source of potential confusion to a jury. "[T]o charge a jury of laymen that, if the collision was the result of an accident, the plaintiff cannot recover is frequently taken to mean that if the act was not intentional the plaintiff cannot recover, unless the meaning of the word 'accident' is clearly explained in the same context . . ." *Bush v. Skelton,* 91 Ga. App. 83, 85 (84 SE2d 835) (1954). It does not appear, however, that the appellate courts themselves have the best of records with regard to "clearly" explaining the defense of accident.

For example, it has been held that " '[a]ccident' in its strict sense implies *the absence of negligence for which no one would be liable.* [Cit.] " (Emphasis supplied.) *Gilbert v. Parks,* 140 Ga. App. 550, 551 (4) (231 SE2d 391) (1976). "An 'accident,' in law, refers to *an event*

*not proximately caused by negligence* but which instead arises from an unforeseen or unexplained cause." (Emphasis supplied.) *Stone's Independent Oil Dist. v. Bailey,* 122 Ga. App. 294, 303 (176 SE2d 613) (1970). *Morrow v. Southeastern Stages,* 68 Ga. App. 142 (22 SE2d 336) (1942) is a case in which this strict definition of accident was applied for purposes of determining whether a charge on that defense was authorized under the evidence. In *Morrow,* a suit had been brought against the employer of the driver of a bus which had collided with a vehicle in which the plaintiff was a guest-passenger. The defendant bus company defended on the ground that the collision was proximately caused by the negligence of the plaintiff's host driver who was not a party to the suit. This court, applying the strict definition of accident, held that the defendant bus company's evidence that the collision was caused by the *negligence* of the non-party host-driver did *not* authorize a charge on accident. "It is clear from the evidence that the plaintiff's injuries were caused either by the negligence of the driver of the automobile or that of the driver of the bus . . . The jury returned a verdict for the defendants in the present case. It may be that the jury reached the conclusion that the defendant bus company's driver was entirely without fault, and that the negligence of the driver of the automobile was the proximate cause of the plaintiff's injuries, but, under the charge which is complained of, it can not be said that its attention was not distracted from the real issues of negligence by a consideration of a theory wholly unauthorized by the evidence." *Morrow v. Southeastern Stages,* supra at 146-147. Thus, *Morrow* stands for the proposition that, under a strict definition, the defense of accident is not raised by evidence which would authorize a finding that the injurious event was the proximate result of the *negligence* of someone other than the defendant in the suit. See also *Toles v. Hair,* 83 Ga. App. 144 (2) (63 SE2d 3) (1951).

In direct contrast to *Morrow* and *Toles,* there are cases which, although recognizing the strict definition of accident, hold that accident "is also 'often used to indicate a happening which, although not wholly free from negligence by some person, was not proximately caused by a failure of either of the parties to a case to exercise ordinary care in the situation.' [Cits.]" *Baggett v. Jackson,* 79 Ga. App. 460, 463 (54 SE2d 146) (1949). "The theory of 'accident' only applies when the injury does not result from the negligence of either party, and is a mere casualty not due to the negligence of anyone, [cit.], *but* may be due to the negligence of a third person not a party to the suit. [Cit.]" (Emphasis in original.) *Palmore v. Stapleton,* 157 Ga. App. 691, 692 (278 SE2d 476) (1981). It is readily apparent that this definition of accident is broader than the strict definition employed

in *Morrow* and *Toles* to the extent that it would allow an injurious event which was proximately caused by the *negligence* of someone other than a party to the suit to be considered an accident, at least as between the plaintiff and defendant in the suit. *Boatright v. Sosebee,* 108 Ga. App. 19 (132 SE2d 155) (1963), is apparently the first decision in which this broad definition was applied so as to authorize a charge on accident based upon evidence purporting to show a causal connection between the actions of an individual not a party to the suit and the injurious event. "In *Boatright,* the plaintiff's lead vehicle stopped to avoid colliding with an unidentified vehicle which pulled in front of her. The rear vehicle then collided with plaintiff's vehicle. There [an] objection to the 'accident' charge was made and the court answered that an (accident) is 'a happening which, although not wholly free from negligence by some person, was not proximately caused by a failure of either of the parties to a case to exercise ordinary care in the situation.' [Cits.]" *Lynch v. Broom,* 158 Ga. App. 52, 53 (279 SE2d 302) (1981).

In holding that this evidence authorized a charge under the broad definition of accident, *Boatright* equated that defense with the legal principle of sudden emergency. The equation of accident with sudden emergency appears not only from the clear import of the language employed in the discussion in *Boatright,* supra at 21, but also from the fact that *Whitfield v. Wheeler,* 76 Ga. App. 857 (47 SE2d 658) (1948), one of the cases cited in *Boatright* as authority for the proposition that the actions of a non-party will authorize an accident charge, is actually a decision involving sudden emergency. Notwithstanding the fact that *Boatright* automatically assumed without discussion that the defense of accident and the seemingly separate and distinct principle of sudden emergency were equivalent, it has since been followed without question as authority for giving an accident charge in cases in which the asserted negligent actions of a non-party are urged defensively as the sole proximate cause of the injurious occurrence at issue. The result of this adherence to *Boatright* has been the approval of charges on accident in cases where no such charge would be authorized if the strict definition of *Morrow* and *Toles* were applied. In other words, contrary to *Morrow* and *Toles,* the giving of a charge on accident as broadly defined has been approved in cases wherein the plaintiff's injuries were clearly the proximate result of the *negligence* of someone. See *Palmore v. Stapleton,* supra; *Lynch v. Broom,* supra; *Elder v. MARTA,* 160 Ga. App. 78 (286 SE2d 315) (1981). Of such cases, *Garrett v. Brannen,* 164 Ga. App. 10 (296 SE2d 205) (1982), is in direct conflict with *Morrow* and *Toles,* because there it was acknowledged that the collision was the result of the negligence of either the plaintiff's host-driver, who

was not a party to the suit, or of the defendant driver of the other vehicle, or of both. However, this court approved an accident charge, based upon evidence purportedly authorizing a finding that the *negligence* of the non-party host-driver was the proximate cause of the collision and that, as between the defendant and the non-negligent plaintiff, the occurrence was accordingly an accident. Under exactly this same evidence and procedural posture, a charge on accident had been disapproved in *Morrow* and in *Toles.* " 'There was no evidence from which the jury could have found that the collision was an unavoidable accident. Somebody must have been at fault...' " *Morrow v. Southeastern Stages,* supra at 147.

It does not appear that Georgia stands alone as having a somewhat less than clear position on the defense of accident. Indeed, for purposes of jury instructions, some jurisdictions have totally discarded the principle of accident. This result is reached on the ground that "a statement of the rule in instructions to a jury merely restates a phase of the law of negligence, is unnecessary, serves no useful purpose, overemphasizes the defendant's case, is misleading and confusing, does not necessarily preclude fault or negligence, and is susceptible to different meanings and constructions." 57 AmJur2d, Negligence, § 18, pp. 359-360. See also 8 AmJur2d, Automobiles and Highway Traffic, § 1119; Anno., 65 ALR2d 12, § 4 (1959); Butigan v. Yellow Cab Co., 320 P2d 500 (Cal. 1958). Although Georgia has not discarded accident as a proper subject for jury instructions, it has long been recognized that it is not a separate defense but is merely "elaborative" of general principles of negligence law. See *Alabama Great Sou. R. Co. v. Brown,* 138 Ga. 328, 332 (6) (75 SE 330) (1912). As noted previously, that juries are misled and confused by the defense of accident has likewise been recognized.

Despite this movement by other jurisdictions away from the defense of accident, appellees in the instant case essentially urge that we broaden the defense even further in Georgia. There is absolutely no evidence whatsoever that the collision between Ms. Frix's car and appellees' vehicle was the proximate result of anything other than the negligence of either Ms. Frix or of appellee Miller or of both. It was and continues to be appellees' position that the collision was solely the result of defendant Frix's negligence and that the jury would have been authorized to find that the death of appellants' non-negligent deceased was the result of an occurrence in which the negligence of appellee-Miller played no causal connection. Thus, appellees contend that the collision was an "accident" as between appellees and appellants' deceased under the broad definition of *Baggett v. Jackson,* supra. However, even under the broad definition of accident, we find no cases which would authorize a charge on that

principle predicated upon the alleged negligence of a third person who *is* a party to the suit, as was Ms. Frix in the instant case. *Boatright v. Sosebee,* supra, has been cited only for the proposition that the negligence of a third person *not a party* to the suit may raise the defense of accident. See *Palmore v. Stapleton,* supra. Indeed, it appears that even under the broad definition of accident it has been held, in a decision authored by Presiding Judge Deen, that a charge on accident would not be authorized under the procedural posture and evidence that exists in the instant case. "Where the injury could have been caused only by *the negligence of one or the other of the defendants, or both concurrently,* a charge on accident is error. [Cit.]" (Emphasis supplied.) *Guthrie v. Boose,* 134 Ga. App. 282, 286 (213 SE2d 924) (1975). Accordingly, in order to approve the charge on accident in the instant case, not only would we be required to overrule *Morrow's* strict definition of accident as an occurrence which is not the result of anyone's *negligence,* we would also be required to extend the broad definition of accident and overrule *Guthrie* to the extent that it holds that the defense of accident is not raised by evidence to the effect that the proximate cause of the occurrence is the negligence of one or all of the named *defendants* in the case.

The determination of whether to overrule the cases establishing a strict definition of accident and to extend the broad definition is made simpler by the fact that our Supreme Court has held that the *Morrow* and *Toles* decisions establish the appropriate definition of accident in this state. *Everett v. Clegg,* 213 Ga. 168, 171 (4) (97 SE2d 689) (1957). Thus, to the extent that there is a conflict between those decisions which establish the strict definition of accident and another line of cases enunciating the broad definition, we are bound to follow, in the instant case, the decisions approved by the Supreme Court. Here, as in *Morrow* and in *Toles,* the sole evidentiary basis asserted as authorizing a charge on appellees' defense of accident is the alleged negligence of a third person, the host-driver of the vehicle in which appellants' deceased was a guest-passenger. Here, as in those cases, evidence of another's *negligence* does not authorize a finding that the collision was an accident, defined strictly as an event which occurs in " 'the absence of negligence, for which no one would be liable.' [Cit.]" *Morrow v. Southeastern Stages,* supra at 146.

Even absent the Supreme Court's adoption in *Everett v. Clegg,* supra, of *Morrow's* and *Toles'* strict definition of accident, there are other reasons why the broad definition of that defense should now be abandoned. First, the apparent genesis of the broad definition cites no authority whatsoever therefor. See *Eddleman v. Askew,* 50 Ga. App. 540, 542 (8) (179 SE 247) (1934). Second, as exemplified by *Boatright v. Sosebee,* supra, the broad definition tends automatically

to obliterate any distinction between two separate legal principles, accident and sudden emergency, with the result that a charge on the former is now being approved in almost every case in which the remotest action by a third party is asserted as a proximate causal factor in the event. Third, with no harm whatsoever to defendants, the adherence to the strict definition of accident eliminates the potential prejudice, recognized in *Bush v. Skelton,* supra, that such a charge has on plaintiffs. To the extent that a defendant asserts that the negligence of another is the proximate cause of the plaintiff's injuries, he is already adequately protected by general instructions which require that, as a condition precedent to recovery, the plaintiff carry the burden of proving that the defendant was negligent and that the negligence of the defendant was the proximate cause of the injury sustained. Cf. *Alabama Great Sou. R. Co. v. Brown,* supra at 332, 333.

Accordingly, for all the reasons enunciated above, certain decisions of this court are hereby overruled to the extent that they express approval of a broad definition of accident whereby that defense is raised solely by evidence that the asserted negligence of another, whether or not a party to the suit, was the proximate cause of the injuries sustained by the plaintiff. Such overruled decisions include, but are not limited to, the following: *Eddleman v. Askew,* supra; *Baggett v. Jackson,* supra; *Boatright v. Sosebee,* supra; *Palmore v. Stapleton,* supra; *Lynch v. Broom,* supra; *Elder v. MARTA,* supra; and, *Garrett v. Brannen,* supra. Henceforth, cases in which the negligence of another is relied upon defensively are to be submitted to the jury under general instructions regarding the factual determination of whether or not the defendant was negligent and, if so, whether his negligence was the proximate cause of the injuries sustained. The defense of accident in this state is to be confined to its strict sense as an occurrence which takes place in the *absence of negligence* and for which *no one would be liable.* Unless there is evidence authorizing a finding that the occurrence was an "accident" as thus defined, a charge on that defense is error. *Morrow v. Southeastern Stages,* supra; *Toles v. Hair,* supra. The charge on accident was totally unauthorized in the instant case and requires the grant of a new trial as against appellees. " '[T]he question for the jury to determine was, who was guilty of negligence; and they should have been permitted to go directly into that question, without having their attention distracted by the consideration of the impossible theory that the death of the [appellants' mother] was the result of an accident.' " *Morrow v. Southeastern Stages,* supra at 147.

2. Appellants also enumerate as error the giving of a certain charge on imputed negligence. It appears that the error in this charge

was the basis upon which appellants were granted a new trial as to defendant Frix. The trial court determined, however, that the erroneous charge was not harmful to appellants as against appellees. On appeal, appellants assert that this erroneous charge was in fact prejudicial to them as against appellees and that the trial court erred in failing to grant them a new trial on this basis.

Since the trial court has already determined that the charge was erroneously given in the first trial, no doubt such a charge will not be given at the new trial. As the giving of this charge is not likely to recur at the retrial otherwise required by Division 1 of this opinion, we need not decide in the instant appeal whether it constituted reversible error.

*Judgment reversed. Shulman, C. J., Quillian, P. J., McMurray, P. J., and Banke, J., concur. Deen, P. J., Birdsong, Sognier and Pope, JJ., concur specially.*

DECIDED DECEMBER 5, 1983 —
REHEARING DENIED DECEMBER 19, 1983 —

*M. David Merritt, Howard M. Lessinger,* for appellants.
*Wilbur C. Brooks, I. J. Parkerson, Arthur Myers, Jr.,* for appellees.

SOGNIER, Judge, concurring specially.

I concur in the judgment of reversal as this case falls squarely within the ambit of the rule, set forth in *Morrow v. Southeastern Stages,* 68 Ga. App. 142 (22 SE2d 336) (1942) and *Toles v. Hair,* 83 Ga. App. 144 (2) (63 SE2d 3) (1951), that the charge of accident is improper when the evidence clearly shows that the injury resulted exclusively from the negligence of one or both of the two involved vehicles.

I object too, however, and dissent to overruling *Boatright v. Sosebee,* 108 Ga. App. 19, 21 (132 SE2d 155) (1963); *Palmore v. Stapleton,* 157 Ga. App. 691, 692 (1) (278 SE2d 476) (1981); *Lynch v. Broom,* 158 Ga. App. 52, 53 (2) (279 SE2d 302) (1981); and *Elder v. MARTA,* 160 Ga. App. 78, 79 (4) (286 SE2d 315) (1981), all of which follow the principle: "An unavoidable accident is defined as one which under all the circumstances could not have been prevented by the exercise of reasonable care. In its proper use the term 'accident' excludes negligence; that is, an accident is an event which occurs without the fault, carelessness, or want of proper circumspection of the person affected, or which could not have been avoided by the use of that kind and degree of care necessary to the exigency and in the circumstances in which he was placed. The theory of 'accident' only

applies when the injury does not result from the negligence of either party, and is a mere casualty not due to the negligence of anyone, [cit.], *but* may be due to the negligence of a third person not a party to the suit. [Cit.]" *Palmore,* supra at 692 (1).

I see no conflict between the foregoing principle and that enunciated by *Morrow* and *Toles,* supra, where we said: "Where the evidence plainly shows that the injuries of the plaintiff were due exclusively to *the negligence of the defendant truck driver, or of the driver of the automobile, or of both,* it was error for the court to charge the law of accident." (Emphasis supplied.) *Toles,* supra at 144 (2). " 'In its proper use the term "accident" excludes negligence; that is, an accident is an event which occurs without the fault, carelessness, or want of *proper circumspection of the person affected,* or which could not have been avoided by the use of that kind and degree of care necessary to the exigency and in the circumstances in which *he was placed.* [Cit.]' [Cit.] It is clear from the evidence that the plaintiff's injuries were caused *either by the negligence of the driver of the automobile or that of the driver of the bus.* The defendant did not plead accident, and the evidence did not raise any issue in that respect." (Emphasis supplied.) *Morrow,* supra at 146. Thus, an examination of both *Toles* and *Morrow* shows no rule being laid down that an accident charge could only be used in the event the occurrence was wholly free from all negligence; that is, free even from the negligence of a third person not a party. The distinction between *Toles* and *Morrow* and the cases the majority would overrule can be demonstrated as follows: In both *Toles* and *Morrow,* a passenger of one vehicle sued the driver of the other vehicle and this Court held that a charge on accident was error because it was clear from the evidence that one or both of the two vehicles involved was directly responsible for the injury. In the cases the majority would overrule, a charge of accident was authorized in that there was evidence showing that a possible cause of the injury was the negligence of a vehicle other than the two vehicles involved in the lawsuit. While *Elder v. MARTA,* supra, involved a passenger as plaintiff, the driver of plaintiff's car was not the negligent non-litigant party and thus the case comes within this characterization. Only *Baggett v. Jackson,* 79 Ga. App. 460, 463 (54 SE2d 146) (1949), which the majority also overrules, fails to fit this mold. There, the plaintiff was a pedestrian, the defendant was a truck driver, and there was no third-party negligence or separate instrumentality involved. I would consent to the overruling of *Baggett* as its holding is inconsistent with *Morrow* and *Toles.* However, this would not involve the overruling of those cases where separate instrumentalities or conditions were responsible for the incident and a charge on accident was authorized. See, for example,

*Reece v. Callahan,* 164 Ga. App. 131 (296 SE2d 425) (1982) (ice on road); *Ware v. Alston,* 112 Ga. App. 627, 631 (2) (145 SE2d 721) (1965) (sudden brake failure). See also *Jackson v. Martin,* 89 Ga. App. 344 (1) (79 SE2d 406) (1953) (rain slick pavement).

Although the result in *Garrett v. Brannen,* 164 Ga. App. 10 (296 SE2d 205) (1982), which involved a factual situation like *Morrow* (a passenger riding in one vehicle of the two vehicles in the collision sued the driver of the second vehicle), appears contrary to *Morrow* and *Toles,* the judgment was actually based on the harmless error premise: "In the present case it seems clear that one or both of the drivers of the colliding vehicles was at fault or the impact would not have occurred. The infant plaintiff, however, was a passenger in the vehicle, was not at fault, and negligence on the part of her father cannot be imputed to her. *Under these circumstances, the instruction does not constitute reversible error.*" (Emphasis supplied.) *Garrett,* supra at 11 (1). Thus, I believe *Garrett* is restricted to its peculiar circumstances and did not constitute an approval of the use of a charge on accident in such circumstances but found instead that such charge did not constitute reversible (harmful) error.

Therefore, because the cases which the majority would overrule involve a fact situation distinct from the situation here and in *Toles* and *Morrow,* I would reverse the instant case and distinguish the other cases save *Baggett,* supra, which I would overrule.

I am authorized to state that Presiding Judge Deen and Judge Birdsong join in this special concurrence, and Judge Pope concurs in part.

Pope, Judge, concurring specially.

I join in the special concurrence of Judge Sognier declining to overrule "those cases where separate instrumentalities or conditions were responsible for the incident and a charge on accident was authorized." I would, however, join the majority opinion in overruling *Garrett v. Brannen,* 164 Ga. App. 10 (296 SE2d 205) (1982), as I agree that it is in direct conflict with *Morrow v. Southeastern Stages,* 68 Ga. App. 142 (22 SE2d 336) (1942), and *Toles v. Hair,* 83 Ga. App. 144 (2) (63 SE2d 3) (1951).