## 68302, 68328. GURIN et al. v. GENERAL MOTORS CORPORATION; and vice versa.

Deen, Presiding Judge.

In the spring of 1980 appellant Dr. Gerry Gurin purchased from an Alabama automobile dealership a Pontiac Grand Prix automobile as a birthday gift for his daughter, appellant Jody Gurin, then a junior at the University of Georgia. In early April, at the end of her spring break, Jody drove the car from Atlanta to Athens, Georgia, and used it daily there for nearly two months, experiencing no problem with it other than occasional difficulty in starting the engine. An Athens Pontiac dealer worked on this problem several times at no charge and apparently resolved it to appellants' satisfaction. When Jody started the car on May 31, however, according to her testimony at trial, the vehicle accelerated rapidly backward, despite her having her foot on the brake rather than the accelerator, and smashed into a brick wall. The automobile sustained extensive body damage. Jody's head was snapped rapidly backward and forward by the impact, and she subsequently experienced pains in her neck and back which still persisted at the time of trial, as well as more transient symptoms such as nausea, headache, and faintness.

The automobile remained parked until, one week after the incident, Jody's father drove it to Atlanta and parked it in his garage. According to Dr. Gurin's testimony, the first time he attempted to back it out, the uncontrollable rapid reverse acceleration recurred, and he was able to bring the vehicle to a halt only with great difficulty. The Atlanta Pontiac dealer to whom Gurin took the car repaired the body damage but was unable, after repeated procedures including road tests, either to reproduce the aberrant acceleration or to determine its cause. Dr. Gurin meanwhile contacted General Motors officials, who sent representatives to work with the dealer, but with similarly inconclusive results.

Dr. Gurin and his daughter filed a civil action against General Motors, proceeding on the theories of breach of express and implied warranties and strict liability in tort. They contended that the automobile was defective and sought recovery for medical expenses, loss of services, and pain and suffering. Plaintiffs introduced no evidence of the existence or nature of the putative defect other than the two alleged instances of rapid reverse acceleration. General Motors moved for a directed verdict at the close of plaintiffs' evidence and again at the close of all the evidence, but the court denied the motions. The jury rendered a general verdict in favor of General Motors. The Gurins appeal from this judgment, enumerating as error the trial court's giving jury instructions on product misuse, on accident, and on manufacturer's duty of care (case no. 68302). General Motors has

filed a cross-appeal, assigning as error the denial of its motions for directed verdict (case no. 68328). This court granted General Motors' motion that the appeal and cross-appeal be considered together. *Held*:

1. The trial court is obligated to instruct the jury on all theories and issues raised by the parties and supported by the evidence. *Fowler v. Gorrell*, 148 Ga. App. 573, 577 (251 SE2d 819) (1978); *Berger v. Plantation Pipeline Co.*, 121 Ga. App. 362, 364 (173 SE2d 741) (1970). Scrutiny of the trial transcript discloses that sufficient evidence was introduced at trial to raise the issues of product misuse and manufacturer's duty of care and to authorize jury instructions on these issues. *Center Chemical Co. v. Parzini*, 234 Ga. 868 (218 SE2d 580) (1975); *Giordano v. Ford Motor Co.*, 165 Ga. App. 644 (299 SE2d 897) (1983). See generally *Greenway v. Peabody Int. Corp.*, 163 Ga. App. 698, 702 et seq. (294 SE2d 541) (1982).

The record further reveals, moreover, that plaintiffs' counsel excepted at trial only to that portion of the instruction on manufacturer's duty of care which stated that the manufacturer has no duty to warn of common dangers associated with the product. *Giordano v. Ford Motor Co.*, supra at 645; *Stodghill v. Fiat-Allis Constr. Machinery*, 163 Ga. App. 811 (295 SE2d 183) (1982). The enumeration on appeal, however, is more comprehensive. It is well settled that on appeal the ground of the objection stated below "cannot be enlarged . . . to include grounds not urged before the trial court." *Bailey v. Todd*, 126 Ga. App. 731, 733 (191 SE2d 547) (1972), cert. denied 409 U. S. 1113 (93 SC 927, 34 LE2d 696) (1973); *Hurst v. J. P. Colley Contractors*, 167 Ga. App. 56 (306 SE2d 54) (1983). See also *Mansell v. Benson Chevrolet Co.*, 165 Ga. App. 568 (302 SE2d 114) (1983).

The court's instructions on the theories of product misuse and manufacturer's duty of care were authorized by the evidence and were correct as a matter of law. The trial court therefore did not err in giving these instructions, and appellants' first and third enumerations are without merit.

2. We find, on the other hand, that it was error, in the circumstances of the case *sub judice*, for the trial court to instruct the jury on the theory of legal accident. Our research reveals that appellants' second enumeration raises a question novel in Georgia case law, in that there are apparently no Georgia products liability cases in which a jury instruction on accident was challenged on appeal. The most recent Georgia decision involving a jury instruction on legal accident in an analogous situation is *Chadwick v. Miller*, 169 Ga. App. 338 (312 SE2d 835) (1983). *Chadwick* stands for the proposition that, in an evidentiary situation not unlike that in the instant case, wherein no evidence supporting or even reasonably suggesting accident was introduced, a jury instruction on legal accident is unauthorized and

improper.

It will be recognized, of course, that *Chadwick* differs from the instant case in several particulars. That case was concerned with a negligence theory rather than with strict liability. Moreover, *Chadwick* dealt specifically with a collision between two automobiles. As in the instant case, however, in *Chadwick* there was "no evidence whatsoever that the collision between [the two vehicles] was the proximate result of anything other than the negligence of either [the driver of the car in which the victim was a passenger] or of appellee [the driver of the other vehicle involved] or of both." *Chadwick v. Miller*, supra at 342. Looking beyond these particulars, one readily perceives that the principle is the same: "if the evidence demands a finding that either the plaintiff or the defendant . . . was . . . the proximate cause of the . . . incident," the theory of legal accident "can . . . [not] co-exist and is now unavailable . . ." *Durden v. Collins*, 169 Ga. App. 347, 351 (312 SE2d 842) (1983) (Deen special concurrence, summarizing the import of *Chadwick*). See also *Guthrie v. Boose*, 134 Ga. App. 282 (213 SE2d 924) (1975).

In *Morrow v. Southeastern Stages*, 68 Ga. App. 142 (22 SE2d 336) (1942), this court held that a jury charge on accident was unsupported by the evidence and therefore was error: "under the charge . . . complained of, it cannot be said that [the jury's] attention was not distracted from the real issues . . . by a consideration of a theory wholly unauthorized by the evidence." Because the jury in the instant case returned a general verdict, we cannot say with certainty that the determination of no liability on defendant's part was not predicated on the theory of accident rather than on another legal theory present in the case. We must presume, therefore, that the unwarranted instruction on accident was at least potentially prejudicial to appellants' case. Under *Chadwick* and *Morrow*, supra, the giving of such an instruction, absent evidentiary support, constitutes reversible error, and the judgment in case no. 68302 must be reversed.

3. Examination of the trial transcript reveals that the evidence did not demand a verdict for appellee either at the close of appellants' evidence or at the close of all the evidence. OCGA § 9-11-50. General Motors' enumerations of error in its cross-appeal are without merit, and the judgment of the trial court in case no. 68328 is affirmed.

*Judgment affirmed in part and reversed in part. McMurray, C. J., and Sognier, J., concur.*

DECIDED JUNE 6, 1984.

*Alan F. Herman, Julia B. Jagger*, for appellants.

*Michael R. Johnson*, for appellee.