## 74298. BENSON et al. v. HUNTER.
### (360 SE2d 612)

CARLEY, Judge.

Appellee-plaintiff sued to recover for injuries she sustained in a collision between her automobile and one which was owned by appellant-defendant Benson and which was being operated by appellant-defendant Davis. Appellants appeal from the judgment entered on the jury verdict in favor of appellee.

Appellants' sole enumeration is that the trial court erroneously failed to give their requested charge on legal accident. This issue was raised and discussed in the very recent decision of this Court in *Glenn McClendon Trucking Co. v. Williams*, 183 Ga. App. 508 (359 SE2d 351) (1987). Although, under Rule 35 (b) of the Rules of this Court, that decision is only a physical precedent as to its resolution of the "legal accident" issue, that resolution is persuasive and the reasoning thereof is equally applicable to the case at bar: "There is considerable question whether [the evidence in this case] would be sufficient to authorize a charge on legal accident. 'It has been said that "the better course would appear to be to omit the instruction except in those instances in which quite plainly it is peculiarly appropriate." [Cit.]' *Garrett v. Brannen*, 164 Ga. App. 10, 11 (1) (296 SE2d 205) (1982), overruled on other grounds *Chadwick v. Miller*, 169 Ga. App. 338, 344 (1) (312 SE2d 835) (1983). However, assuming without deciding that the evidentiary support for a charge on legal accident was present and that it would not have been error had such a charge been given, it does not necessarily follow that the failure to give a requested charge on that principle constitutes reversible error. 'It is not necessary to give the exact language of the request when the same principles are fairly given to the jury in the general charge. [Cit.]' [Cit.] '[F]or purposes of jury instruction, some jurisdictions have totally discarded the principle of accident. This result is reached on the ground that "a statement of the rule in instructions to a jury merely restates a phase of the law of negligence, is unnecessary, serves no useful purpose, overemphasizes the defendant's case, is misleading and confusing, does not necessarily preclude fault or negligence, and is susceptible to different meanings and constructions." [Cits.] Although Georgia has not discarded accident as a proper subject for jury instructions, it has long been recognized that *it is not a separate defense but is merely "elaborative" of general principles of negligence law*. [Cit.]. . . . [T]hat juries are misled and confused by the defense of accident has likewise been recognized.' (Emphasis supplied.) *Chadwick v. Miller*, supra at 342. The record in this case shows that the trial court gave a full and fair charge on the general principles of negligence law, instructing the jury that [appellants] could not be found liable in the absence of [Davis'] negligence. In

view of the charge as given by the trial court, the failure to give the additional requested charge on the merely 'elaborative' defense of legal accident was, at most, harmless error." *Glenn McClendon Trucking Co. v. Williams,* supra at 511 (5).

*Judgment affirmed. Birdsong, C. J., McMurray, P. J., Pope and Benham, JJ., concur. Deen, P. J., Banke, P. J., Sognier and Beasley, JJ., dissent.*

BANKE, Presiding Judge, dissenting.

The majority has effectively ruled that it is never reversible error to refuse to give a requested charge on accident in a personal injury action, so long as a "full and fair charge on the general principles of negligence law" is given. Were we living in an era in which juries were demonstrably prone to be mean and begrudging in their treatment of personal injury claims, I might agree. However, from my vantage point as a judge of this court, it occurs to me that such is not the case. Instead, it more often seems that jurors in this litigation-oriented day and age are laboring under the charitable though misguided notion that misfortune is itself compensable, regardless of fault. In an appropriate case, a charge on accident may well have the salutory effect of disabusing the jurors of any such predisposition. On the other hand, assuming the evidence in a particular case warrants a charge on accident, I do not perceive how the plaintiff could be prejudiced merely by having it called to the jury's attention that it is possible, at least, for the injury to have occurred notwithstanding the absence of negligence on the part of either of the parties to the lawsuit.

Both the appellee-plaintiff and the appellant ambulance driver in this case testified that visibility at the intersection where the collision occurred was obscured by vegetation, with the result that it was not possible for them to see each other until they had already driven their vehicles into the intersection. Although in doing so the ambulance drove through a stop sign without coming to a complete stop, the jury would have been authorized to conclude from the evidence that he was in compliance with OCGA § 40-6-6 (b) (2), which permits the driver of an authorized emergency vehicle responding to an emergency call and making use of an audible signal and a flashing or revolving red light to proceed through a stop sign "after slowing down as may be necessary for safe operation."

The majority does not take issue with the appellants' contention that the evidence supported a charge on accident but instead holds that the failure to give such a charge cannot be considered reversible error. In accordance with the previously existing rule in this state that a charge on accident is required if, under some theory of the case, injury may be considered a mere casualty due to the negligence of neither party, *Fred F. French Mgt. Co. v. Long,* 169 Ga. App. 702 (1)

(314 SE2d 666) (1984), I would hold that the trial court's refusal to give the appellants' requested instruction on accident establishes ground for a new trial.

I am authorized to state that Presiding Judge Deen, Judge Sognier and Judge Beasley join in this dissent.

DECIDED JULY 14, 1987 —
REHEARING DENIED JULY 31, 1987 —

*James R. Osborne*, for appellants.
*George Pennebaker, Donald B. Howe, Jr.*, for appellee.