## 56244. NAIL v. GREEN.

DEEN, Presiding Judge.

Rhonda Nail, plaintiff in the suit below, appeals from a judgment entered on a jury verdict in favor of defendant. She contends that it was error for the trial court to deny her motion for a judgment notwithstanding the verdict and her alternative motion for a new trial.

The undisputed facts show that plaintiff was driving in fairly heavy traffic in the inside south-bound lane of I-85 approaching Atlanta. Just south of the Monroe Drive exit she was required to reduce speed because of slow traffic, but she did not come to an abrupt halt. She looked in her rear-view mirror and saw defendant's car rapidly approaching, but was unable to move her vehicle to avoid a collision. Defendant testified that he was traveling approximately 40 mph and was about four or five car lengths behind plaintiff's vehicle and either looked down or looked away from the road. When he looked up, plaintiff was either stopping or coming to a stop. He put on his brakes and the front end of his car went into the left guard rail and the rear end swung around and hit the left rear of plaintiff's vehicle.

The existence of liability in negligence cases including those involving rear-end collisions is to be determined by the jury unless there is no dispute as to the facts, and they amount to a confession of liability as a matter of law. *Atlanta Coca-Cola Bottling Co. v. Jones,* 236 Ga. 448 (224 SE2d 25) (1976). "The driver of a motor vehicle has no right to assume that the road ahead of him is clear of traffic, and he must maintain a diligent lookout

therefor." *Leggett v. Brewton,* 104 Ga. App. 580 (3) (122 SE2d 469) (1961). See *Smith v. Nelson,* 123 Ga. App. 712 (182 SE2d 332) (1971). In the present case, the basic facts are not disputed and defendant admits that he was not keeping a proper lookout in heavy traffic. Therefore, this case clearly falls within the exception contemplated in *Atlanta Coca-Cola Bottling Co.,* supra, and it was error for the trial court to deny plaintiff's motion for a judgment notwithstanding the verdict.

Defendant's reliance on *Manglona v. Dodd,* 144 Ga. App. 338 (241 SE2d 17) (1977) is misplaced. In that case, this court held that the evidence was in conflict and therefore a finding that defendant was negligent or that his negligence was the proximate cause of the accident was not demanded. Here, however, the facts are undisputed; the fact that the parties' testimony differs as to whether defendant first struck plaintiff's vehicle or the guardrail is not material. Defendant admits in failing to keep a proper lookout and as a result was following plaintiff's vehicle too closely to avoid a collision. Under these circumstances, it was error for the trial court to deny plaintiff's motion for a judgment notwithstanding the verdict made in accordance with a motion for a directed verdict as to liability.

*Judgment reversed with direction that a judgment be entered in favor of plaintiff and a new trial be granted as to damages. Smith and Banke, JJ., concur.*

Argued September 11, 1978 — Decided October 5, 1978 — Rehearing denied October 23, 1978.

*Lewis, Bynum & Kell, T. J. Lewis, Jr.,* for appellant.
*Webb, Fowler & Tanner, W. Howard Fowler, J. L. Edmondson,* for appellee.