## 58661. COLLINS et al. v. McGLAMORY.

McMurray, Presiding Judge.

This is an action for personal and property damages arising from a motor vehicle collision. Plaintiffs (husband and wife) were passengers in an automobile owned by the husband and operated by one of their children at the time of the collision. Plaintiff husband's automobile was stopped prior to making a left-hand turn into a convenience store when it was struck from the rear by defendant's vehicle.

Defendant testified that he saw the vehicle occupied by plaintiffs, had plenty of time to stop and applied his brakes, that the brakes and wheels locked and held, but his truck didn't stop right then, and he pulled to the right. Defendant further testified that he was going less than 15 miles per hour when he applied his brakes.

The case was tried before a jury which returned a verdict in favor of the defendant. Plaintiffs' motion for new trial was denied. Plaintiffs appeal and enumerate as error the general grounds for motion for new trial. *Held:*

Issues of negligence and proximate cause are generally for the jury, and a court should not decide them except in plain and indisputable cases. *Piland v. Meli,* 143 Ga. App. 783, 784 (240 SE2d 193); *James v. Sears, Roebuck & Co.,* 140 Ga. App. 859 (232 SE2d 274). "Even where there is no dispute as to the facts, it is, however, usually for the jury to say whether the conduct in question met the standard of the reasonable man." *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259, 260 (174 SE2d 178). "Of course, where there is no dispute as to the facts, and they amount to a confession of liability as a matter of law, a directed verdict is warranted." *Atlanta Coca-Cola Bottling Co. v. Jones,* 236 Ga. 448, 450 (224 SE2d 25). Compare *Forehand v. Pace,* 146 Ga. App. 682 (247 SE2d 192). Plaintiffs argue that this is the exceptional case where the defendant's testimony amounts to a confession of liability. Pretermitting this question we examine the issue of damages.

Each of the plaintiffs testified that they were thrown violently about at the time of the collision, bouncing about between the restraints imposed by seatbacks and

seatbelts, resulting in spinal injuries to themselves. The husband testified that their automobile was heavily damaged, with the bumper being driven to the frame. The defendant and his wife each testified, however, that the collision was so light that their children of tender years (two and four years) who were standing in the back of their vehicle inside a camper shell were not thrown about enough to cause them to fall or even to upset them. The defendant testified that the plaintiffs' automobile did not move after the impact and his vehicle would have stopped at that same point even if plaintiffs' vehicle had not been there. Clearly the jury was authorized to choose the defendant's description of the impact over that of the plaintiffs and conclude that the plaintiffs suffered no damages in the collision. Such a conclusion that the plaintiffs suffered no damages would authorize a verdict in favor of the defendant. The verdict was authorized by the evidence.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

SUBMITTED OCTOBER 15, 1979 — DECIDED OCTOBER 30, 1979.

*Horton J. Greene,* for appellants.
*Frank C. Bedinger, A. Timothy Jones,* for appellee.