65336, 65337. NOLEN v. MURRAY INDUSTRIES, INC. et al.

QUILLIAN, Presiding Judge.

This appeal is from verdicts and judgments for the defendant-appellees Murray Industries and its employee Taylor in actions by plaintiff-appellants Nolen, husband and wife, seeking damages for personal injury to Mr. Nolen and for loss of consortium by Mrs. Nolen.

On August 2, 1973, the Nolens, who were on vacation from their home in St. Louis, Missouri, were visiting Mr. Nolen's brother in Georgia. While the Nolens were riding with the brother and his wife in the brother's car, it was involved in an intersectional collision with a Murray Industries pickup truck driven by Taylor. The pickup had started across the intersection at a low speed after stopping at a stop sign and struck the Nolen car, which had the right-of-way, in the left side.

Although the evidence indicating that Taylor was negligent was uncontradicted, there was conflict in the evidence as to whether the collision was the proximate cause of Nolen's claimed injury. Nolen complained of pain in the right arm, chest, hip and leg at the time of the collision and was taken to a hospital emergency room where he was examined, x-rayed and released. After a few days the Nolens

ended their vacation earlier than planned and returned home to St. Louis, where Nolen saw his physician of some years, Dr. Oetter, on August 10, 1973, complaining of pain. Nolen continued under Dr. Oetter's care thereafter up to the time of the trial in 1982. Nolen had several medical problems including diabetes and high blood pressure, and was hospitalized several times for various reasons during the following years. Nolen claimed that his right arm had become so disabled that it was jeopardizing his employment with an aircraft manufacturing company.

Dr. Oetter, an internist, testified that when he first examined Nolen after the collision he found contusion and swelling of the right leg, right chest and rib, and limitation of motion in the neck, as well as elevated blood pressure. He diagnosed cervical and lumbar strain, possible diabetic neuropathy and hyperlipedemia and treated accordingly. He continued to see Nolen twice a month thereafter and during several periods of hospitalization for his various complaints. Because Nolen continued to have a problem with pain in his right arm and neck and weakening of his right arm, Dr. Oetter eventually made a diagnosis of brachial plexus injury to the nerve bundle near the right arm pit. At the time of his deposition in April 1980, Dr. Oetter was of the opinion that Nolen was suffering from a traumatic neuritis involving weakening and pain in the right arm which was worsening and which was related to the August 1973 collision with appellees' vehicle.

Dr. Richardson, an Atlanta neurosurgeon, examined Nolen in May 1978. His deposition testimony was that he found no evidence of disability by injury but did find some bursitis of the right shoulder which was not related to any injury but was caused by not using the right arm and shoulder properly. He also found that Nolen had other ailments which had nothing to do with his complaints of pain and that Nolen had developed a drug dependency on percodan, an addictive drug. He found no disability in the arm, neck or back. *Held:*

1. The general grounds are asserted.

"We have reviewed the record and find the verdict was authorized by the evidence. [Cits.] The evidence presented questions for the jury which were resolved in favor of the defendant. [Cit.] The evidence did not demand a verdict for the plaintiff and the jury was authorized by the evidence to reach a finding for the defendant. [Cit.] The jury verdict has the approval of the trial judge, and after verdict the evidence is to be construed in the light most favorable to the prevailing party and every presumption and inference is in favor of sustaining the verdict. [Cit.] And, if there is any evidence to sustain the verdict of the jury, an appellate court will not disturb it. [Cit.]" *Suber v. Fountain,* 151 Ga. App. 283 (1), 285 (259 SE2d 685).

In this case, as we likewise find that there was evidence to authorize the verdict, we also will not disturb it.

2. Error is alleged because the trial court refused to admit in evidence a list of Dr. Oetter's treatments and charges from August 1973 until April 1980. The enumeration is not meritorious.

"[E]ven if we could find error in exclusion of these items, the verdict was for defendant, finding against liability, and any error in the admission or exclusion of evidence relative to the injuries or damages, their extent, or expenses incurred in their treatment, was harmless and affords no ground for reversal. [Cits.]" *Parham v. Roach,* 131 Ga. App. 728 (1), 730 (206 SE2d 686).

3. The trial court charged on proximate cause generally and followed it by two instructions requested by appellees to the effect that no damages could be awarded for any injuries, disabilities or pain and suffering which was not caused or aggravated by the collision, or not in any way resulting from the collision. Appellants claim the giving of the two requested instructions was argumentative, misleading and were incomplete statements of the law which together with the remainder of the charge prejudiced them by unduly emphasizing the point.

"Defendants are liable only if their negligence was the proximate cause of plaintiffs' injuries and damages. [Cit.]" *Walls v. Parker,* 146 Ga. App. 882 (2), 883 (247 SE2d 556).

Since there was evidence that Nolen suffered from several physical problems clearly having no relationship to the collision, and since there was conflicting evidence as to whether any of Nolen's physical problems and claimed damages were caused by the collision, proximate cause was the principal issue in the case. Examining the charge as a whole, we find that it was adjusted to the evidence, correctly stated the law, and there was no error in giving the requested charges.

4. There is no merit in the enumeration complaining of improper argument by appellees' counsel. The argument is not included in the record and transcript nor is there any indication that the argument was objected to when made. Under these circumstances there is nothing for this court to review. *Diana v. Monroe,* 132 Ga. App. 669 (3) (209 SE2d 70); *Keno v. Alside, Inc.,* 148 Ga. App. 549 (3) (251 SE2d 793).

5. Enumeration seven alleges error because numerous requested charges were not given. No objections were made to the failure to give many of these charges and those cannot be considered on appeal. Code Ann. § 70-207 (a); *Mathews v. Penley,* 242 Ga. 192 (2) (249 SE2d 552).

Proper objection was made to six of the requested charges not

being given. However, appellants make no specific arguments concerning these requests, nor cite any authorities; maintaining instead that the law should be that a trial court cannot refuse to give any relevant and correct requested charge because a party is entitled to a fuller explanation of the law if he desires it.

However, the law is that if the charge given fairly covers the subject matter of requested charges, it is not error to fail to give the requests. *Seaboard &c. R. Co. v. Davis,* 139 Ga. App. 138 (2) (227 SE2d 915). The charge given in this case meets that requirement.

6. Enumerations 8, 9 and 10 complain of overemphasis in cautionary statements in the charge, confusing and misleading the jury in certain portions of the charge, and the trial judge making comments in the jury's presence showing bias against appellants' case. As no objection or motion was made to any of this conduct or other relief requested, there is nothing for this court to review on appeal. "[A] party cannot during the trial ignore what he thinks to be error or an injustice, take his chance on a favorable verdict, and complain later. [Cits.]" *Keno v. Alside, Inc.,* 148 Ga. App. 549 (3), 551, supra.

7. There is no merit in the enumeration pertaining to Mrs. Nolen's action for consortium.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED FEBRUARY 4, 1983 —
REHEARING DENIED MARCH 15, 1983 —

*J. Calloway Holmes, Jr.,* for appellants.
*W. Howard Fowler, J. Michael McGarity,* for appellees.