## 66020. MINUTEMAN PRESS INTERNATIONAL, INC. et al. v. HEDRICK.

SOGNIER, Judge.

Appellee Robert Hedrick brought suit against Minuteman Press International, Inc., Lions Graphics and Publications, Inc., Robert A. Moore and Robert J. Moore, appellants, alleging fraud in the sale to Hedrick of an ongoing printing shop franchise. Hedrick claimed that appellants misrepresented to him the amount of expected income, financial status and various other matters concerning the business. The jury returned a verdict in Hedrick's favor for the amount of the purchase price of the business, plus attorney fees. This appeal ensued.

Minuteman Press sells franchises for the operation of retail printing shops. Robert A. Moore, a vice president of Minuteman Press, and his son, Robert J. Moore, an erstwhile employee of Minuteman Press, sold the assets of Lions Graphics and Publications, Inc., a corporation owned by the Moores, to Hedrick and another; Lions Graphics operated under a franchise agreement with Minuteman Press. Hedrick alleged that the Moores fraudulently represented to Hedrick that no books were kept by Lions Graphics, and that it was a profitable operation. He testified that in reliance on these representations, he purchased the business. Hedrick and a former employee of Lions Graphics also testified that there was, in fact, a set of books for the business and that rather than being a profitable operation, Lions Graphics was on the verge of failure when it was sold to Hedrick.

Appellants' sole enumeration of error is that the trial court erred by denying appellants' motion for a directed verdict because Hedrick failed to introduce evidence sufficient to constitute a prima facie case of fraud.

In ruling upon a motion for a directed verdict, this court must construe the evidence most favorably to the party opposing the motion. *Folsom v. Vangilder,* 159 Ga. App. 844 (285 SE2d 583) (1981). In reviewing the denial of a motion for a directed verdict, the proper standard to be utilized by appellate courts is the "any evidence" test. *Speir v. Williams,* 146 Ga. App. 880, 881 (1) (247 SE2d 549) (1978). "Fraud may not be presumed but, being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence." OCGA § 23-2-57 (Code Ann. § 37-706). In the instant case appellee presented some evidence from which the jury could have found fraud on the part of appellants. If there is any evidence to support the jury's verdict and the court's judgment, the judgment will not be disturbed on appeal. *Scott v. Scott,* 243 Ga. 472, 473 (254 SE2d 852) (1979).

There being evidence supportive of Hedrick's contentions, the trial court did not err in denying appellants' motion for a directed verdict.
*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED JULY 13, 1983.

*Lawrence D. Kupferman, Robert L. Potter, Mark Weber,* for appellants.
*David W. Hibbert,* for appellee.