67633, 67677. KING v. LOYD; and vice versa.

BIRDSONG, Judge.
This appeal arises from a judgment awarding appellant/plaintiff no damages but taxing costs against appellee/defendant following a jury verdict awarding appellant $2,522 in damages for neck and back injuries resulting from a vehicular collision. The trial court submitted the case to the jury after directing a verdict in favor of appellant on

the liability issue. The jury award was reduced to zero pursuant to the parties' pretrial stipulation that the court reduce any damage award by $5,000, the amount of no-fault benefits collected by appellant as a result of the subject collision. See OCGA § 33-34-9 (b). Both parties agree that the stipulation, which was similar to the procedure approved by this court in *City Council of Augusta v. Lee*, 153 Ga. App. 94 (2) (264 SE2d 683), was entered into in order to prevent any recovery of basic no-fault benefits by the appellant and to prevent the interjection of insurance coverage into the trial of this action. The jury verdict, pursuant to instruction, was in general form and did not differentiate between economic and non-economic losses.

Appellant's four enumerations of error go to the alleged inadequacy of the jury's award of damages. In his cross-appeal, appellee challenges the trial court's decision to tax costs against appellee. *Held*:

1. Appellant introduced approximately $5,660 in medical bills that he testified resulted from the accident in question. He also testified that the accident required him to utilize considerable accrued sick and annual leave time with his employer. As no issue concerning liability was submitted to the jury, the question presented by the main appeal concerns the propriety of the apparent determination by the jury that not all of appellant's special damages were the proximate result of the subject accident.

"Issues of proximate cause are generally for the jury, and the court should not decide such issues except in plain, palpable and indisputable cases." *McBryde v. Roberts*, 160 Ga. App. 416 (287 SE2d 349). The jury's determination must be affirmed unless the plaintiff is able "to carry the burden of showing by plain, palpable and indisputable evidence that the injuries to plaintiff were caused by the negligence imputed to the defendant." Id. p. 417. Although appellee did not contest liability or the fact that appellant's medical expenses had been incurred, he strenuously challenged the contention that all of appellant's alleged special damages were proximately caused by appellee's negligence. The evidence on this issue consisted chiefly of testimony from appellant and appellant's primary treating physician. Under thorough cross-examination, the physician, in addition to noting discrepancies between his objective findings and the subjective symptoms reported to him by appellant, conceded that appellant was suffering from degenerative arthritis and that a portion of his present disability was the result of that pre-existing condition. Although the physician noted no treatment of appellant for neck and back injuries prior to the accident and appellant testified that he had no neck and back problems prior to the accident, the physician's testimony provided a sufficient basis upon which the jury could have determined that at least a portion of appellant's disability did not proximately

result from the accident with appellee. Thus, the record contains some evidence from which the jury could conclude that a portion of appellant's medical expenses and lost wages were attributable to a cause other than the accident with appellee. "[E]ven if plaintiff has established that [he] has suffered certain substantial physical injuries and even if the nature of these injuries is consistent with [his] assertion [that] they were the result of a motor vehicle collision, the evidence does not require a conclusion that plaintiff's injuries were proximately caused by defendant's negligence." Id. p. 416-417. Accordingly, we find no basis upon which to overturn the jury's verdict and subsequent judgment of the trial court. See *Young v. Southern Bell Telephone &c. Co.*, 168 Ga. App. 40 (1) (308 SE2d 49).

2. We disagree, however, with the trial court's decision to tax costs against appellee. This determination was made on the premise that the jury had found in favor of the plaintiff, as directed, on the issue of liability and had returned a damage award in some amount, although appellant was precluded from recovering any damages by virtue of the pretrial stipulation. This court faced a similar situation in *King v. Cox*, 130 Ga. App. 91 (6) (202 SE2d 216). In *King*, the jury failed to award any damages to the plaintiff despite the trial court's direction of a verdict in favor of plaintiff on the liability. In affirming the trial court's decision to assess costs against the plaintiff, the court stated: "In entering judgment upon the verdict the trial court assessed costs against plaintiff. . . . Although legal liability was established by the court having directed a verdict for the plaintiff subject to whether or not he had shown he was damaged, he failed not only to establish that he sustained damages but placed himself within the clear meaning of 'fail' as used in our statute." Id. p. 93. The statute referred to in *King* was Code Ann. § 24-3401, which is now OCGA § 9-15-1 and provides: "In all civil cases . . . the party who dismisses, loses, or is cast in the action shall be liable for the costs thereof." The primary basis for the *King* decision appears to have been the failure of the plaintiff to recover any damages, despite the "victory" on the issue of liability. We view the present case as involving a similar problem. As in *King*, the trial court below directed a verdict in favor of appellant on the liability issue. Also as in *King*, the verdict returned by the jury precluded any recovery. Appellant in the present case has "lost" in the same manner that the *King* plaintiff "failed" as that term formerly was used in the cost statute.

Appellant seeks to avoid this result by arguing that the jury below did, in fact, return a damage award in his favor, and that it is impossible for this court or the trial judge to determine whether the damage award was entirely for appellant's special damages, recovery of which are precluded pursuant to OCGA § 33-34-9 (b), or whether a portion of the award is for non-economic loss, recovery of which is not

prevented as a matter of law. However, appellant ignores the fact that the stipulation, coupled with the general verdict form, simply treated the first $5,000 of any jury award as compensation for special damages not recoverable as a matter of law pursuant to OCGA § 33-34-9 (b). Thus, the judgment of the court was clearly based on the premise that appellant sustained no recoverable damage, and we will so construe the judgment on appeal. Consequently, we must reverse the trial court's judgment insofar as that judgment taxes costs against appellee.

*Judgment affirmed in part and reversed in part. Quillian, P. J., and Carley, J., concur.*

DECIDED APRIL 4, 1984.

*F. Marion Cummings*, for appellant.
*J. Clinton Sumner, Jr., Carroll G. Jester, Jr.*, for appellee.