68612. HOUSTON et al. v. HUGHES.
(324 SE2d 206)

McMURRAY, Chief Judge.

In this automobile collision case, plaintiffs Ethel Houston and Arthur Houston appeal from a verdict and judgment entered in favor of the defendant Donna L. Hughes. In their enumeration of errors, plaintiffs assert the trial court erred in denying plaintiffs' motion for a directed verdict upon the liability issue. In addition, plaintiffs contend the jury arbitrarily disregarded medical testimony concerning the injuries which Ethel Houston suffered.

On July 10, 1982, the plaintiffs (Mr. Houston, as driver, and Mrs. Houston, as passenger) stopped their automobile at a traffic light at an intersection in Brunswick, Georgia. The defendant was driving her automobile in the same direction as the plaintiffs. When she approached the intersection, defendant drove her automobile into the rear of the plaintiffs' vehicle. In their complaint, plaintiffs contended that when their automobile was struck by the defendant they were violently thrown about the interior of their automobile. The plaintiffs sought damages for personal injury to Ethel Houston and for the loss of consortium suffered by Arthur Houston.

At the trial defendant testified that she came to a complete stop at the intersection behind plaintiffs' automobile; that she was looking in her purse for something and did not look up again until she felt her automobile tap the plaintiffs' automobile; that she only "tapped" the plaintiffs' vehicle; and that her speed was "probably one mile per

hour at the most." The investigating officer testified that the defendant caused the collision because she "stopped too close behind the other car." Although the evidence demonstrated that plaintiffs' automobile hit an automobile in front of it, the officer averred that there was "very little" damage (approximately $150) to plaintiffs' automobile, "very little" damage to the defendant's automobile, and "slight" damage to the lead vehicle; that he found no skid marks at the point of impact; that all three automobiles left on their own power; that although Ethel Houston stated that her back hurt, she did not want the officer to call for a rescue unit; that Ethel Houston said her husband would drive her to the hospital; and that Ethel Houston was "shook up more than anything else." With regard to the damage to his automobile, Arthur Houston testified there was no damage to the front of his automobile and only slight damage to the rear; that his automobile only inflicted a "little nick" on the rear bumper of the third vehicle; and that he fixed the damages to his automobile himself.

With regard to Ethel Houston's injuries, the evidence demonstrated she was taken to the emergency room by her husband on July 10, 1982, July 12, 1982, and July 14, 1982; she was hospitalized from July 16, 1982, through August 9, 1982, and from December 14, 1982, through December 23, 1982; that she continued under the care of a chiropractor until May 1983; and she did not return to work prior to trial. Dr. James G. McCully, a radiologist, testified that X-rays of Ethel Houston's spine had been taken in 1977, in July 1982, at the time of the collision, and in October 1982; that all of the X-rays showed that there was no change in the condition of the plaintiff's spine between 1977 and October 1982; that the plaintiff's entire spine was X-rayed on July 17, 1982; that the July 17 X-rays revealed that plaintiff's soft tissues were normal, that the curvature of plaintiff's spine was normal, and that plaintiff's vertebrae lined up normally; and that there was no evidence that the plaintiff suffered an acute injury or trauma. Dr. Edward F. Downing, a neurosurgeon, testified, via deposition, that he treated the plaintiff in December 1982; that following the plaintiff's treatment all of her tests were normal; and that she was able to return to work in January 1983. Finally, Dr. Charles King, an orthopedic surgeon, testified he treated Mrs. Houston in October 1979; that, at that time, she complained of low back pain and pain radiating to both of her hips; that she was hospitalized for 15 days; that the pain which she experienced was muscular and was not related to trauma; that the plaintiff had a congenital abnormality; and that a person with such an abnormality is more prone to have muscular back pain. *Held*:

Although the evidence demonstrated the defendant was negligent, there was a conflict in the evidence as to whether the defen-

dant's negligence was the proximate cause of Ethel Houston's physical condition. There was conflicting evidence as to whether Mrs. Houston could have been injured in the collision. Additionally, there was conflicting evidence as to whether Mrs. Houston's physical problems were caused by the collision. Accordingly, we conclude that the evidence did not demand a verdict for the plaintiffs and that the jury was authorized to find in favor of the defendant. *Nolen v. Murray Indus.*, 165 Ga. App. 785, 786 (1) (302 SE2d 689); *Collins v. McGlamory*, 152 Ga. App. 114 (262 SE2d 262).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 19, 1984.

*John T. McKnight, Jr.*, for appellants.
*Terry L. Readdick, Richard Brown*, for appellee.