### 69677. TODD v. CITY OF BRUNSWICK et al.
(334 SE2d 1)

SOGNIER, Judge.

Alvin Todd brought this personal injury suit against Roosevelt Harris and the City of Brunswick for damages allegedly incurred in an automobile collision. The jury found in favor of Harris and the city. Todd appeals from the denial of his motions for directed verdict and judgment n.o.v.

1. Appellees filed a motion in this court to dismiss the appeal by appellant from the jury verdict and judgment in favor of appellees on the basis that appellant improperly failed to apply for discretionary review pursuant to OCGA § 5-6-35 (a) (6). Under our holding in *Brown v. Assoc. Fin. Svcs. Corp.*, 175 Ga. App. 553 (333 SE2d 888) (1985), where the amount placed in controversy by the claimant exceeds $2,500, no application for discretionary review need be made to this court. Thus, because the record in the case sub judice reveals that the amount placed in controversy by appellant exceeds $2,500,

appellant appropriately filed his appeal directly to this court. Appellees' motion to dismiss appellant's appeal is therefore denied.

2. Appellant contends the trial court erred by failing to grant his motion for directed verdict because there was no question as to appellees' liability in this rear-end collision case. In cases involving rear-end collisions, the liability, degree of liability, or lack of liability on the part of any involved driver depends upon a factual resolution of the issues of diligence, negligence, and proximate cause. These issues should be resolved, except in very rare cases, by the jury and not by trial and appellate judges. *Atlanta Coca-Cola Bottling Co. v. Jones*, 236 Ga. 448, 451 (224 SE2d 25) (1976); *Palmore v. Stapleton*, 157 Ga. App. 691, 692 (2) (278 SE2d 476) (1981). However, where there is no dispute as to the facts, and the facts amount to a confession of liability as a matter of law, a directed verdict is warranted. *Atlanta Coca-Cola Bottling Co.*, supra at 450. Although the evidence presented in the case sub judice conflicted on certain matters (the speed of the vehicles, the force of the impact, etc.), there was no dispute as to what actually happened. Appellee Harris was proceeding behind appellant in a slow moving left-turn lane and had glanced momentarily over his shoulder in contemplation of changing into the adjacent lane. When Harris looked back he could not brake his vehicle in time to prevent it from hitting appellant's car. At trial there was testimony that appellee Harris admitted liability at the scene of the accident and when Harris took the stand, he did not deny making such an admission and testified that, "I hit him because I was trying — I was trying to get out of that lane and get into the right lane, and, of course, you know, accidents do happen." No evidence was presented at trial to support any inference that an emergency arose nor was there any evidence to indicate that any out of the ordinary acts by appellant or third parties contributed to the accident. Compare *Palmore*, supra, and *Lynch v. Broom*, 158 Ga. App. 52 (1) (279 SE2d 302) (1981), rev'd on other grounds, *Chadwick v. Miller*, 169 Ga. App. 338, 344 (312 SE2d 835) (1983). Therefore, we find that this case, with its lack of dispute as to the relevant facts and with appellee Harris' confession of liability, falls within the exception contemplated in *Atlanta Coca-Cola Bottling Co.*, supra. *Houston v. Hughes*, 172 Ga. App. 638 (324 SE2d 206) (1984), cited by appellees, is thus distinguishable because that case did not contain an equivalent confession of liability so as to place it within the exception under *Atlanta Coca-Cola Bottling Co.*, supra. It was error for the trial court to deny appellant's motion for directed verdict on the issue of liability. See *Nail v. Green*, 147 Ga. App. 660 (249 SE2d 666) (1978).

3. Appellant contends the trial court erred by denying his motion for directed verdict on the issue of serious injury. We disagree. In reviewing the denial of a motion for a directed verdict, the proper stan-

dard to be utilized by appellate courts is the "any evidence" test. *Minuteman Press Intl. v. Hedrick*, 167 Ga. App. 453 (306 SE2d 718) (1983). The evidence at trial adduced that appellant declined all offers of aid after the accident and drove himself from the scene. Subsequently appellant went to a chiropractor and was not seen until thirteen days after the accident by a licensed physician who diagnosed appellant's condition as cervical strain. There was evidence that the chiropractic treatment appellant received was "dangerous" in cases like appellant's. There was also evidence that appellant had been discharged from the military and left an earlier job due to back problems, and conflicting testimony was presented whether appellant's alleged injury prevented him from working after the accident. Thus, there was sufficient conflict in the evidence as to the issue of serious injury and accordingly, the trial court did not err by denying appellant's motion for directed verdict. See *Etheridge v. Kay*, 153 Ga. App. 399, 400 (1) (265 SE2d 332) (1980).

4. In view of the likelihood of the matters which constitute appellant's remaining enumerations of error recurring on retrial, we address appellant's contention that the trial court erred by failing to instruct the jury on two requested charges and find the enumerations to be without merit. Appellant's requested charge on serious injury incompletely sought to place the burden of proof on appellees without reference to appellant's own threshold burden of proof requirement where the evidence is conflicting whether a plaintiff did sustain a serious injury. See *Dabney v. Ammons*, 150 Ga. App. 737 (258 SE2d 551) (1979). Appellant's remaining request to charge would have removed the question of appellees' negligence from the jury and placed the burden on appellees to prove that the presumed negligence was not the cause of the accident, where conflicting evidence was presented as to the consequences of appellee Harris' negligent driving. "A requested charge need be given only where it embraces a correct and complete principle of law which has not been included in the general instructions given and where the request is pertinent and adjusted to the facts of the case. [Cit.]" *Walker v. City of Atlanta*, 161 Ga. App. 465, 467 (288 SE2d 723) (1982).

*Judgment reversed. Birdsong, P. J., and Carley, J., concur.*

DECIDED MAY 1, 1985 —
REHEARING DENIED JULY 15, 1985 —

*Edward E. Boshears*, for appellant.
*John E. Bumgartner, Richard A. Brown, Jr.*, for appellees.