70932. STUBBS v. TRI-STATE CULVERT CORPORATION et al.
(338 SE2d 449)

POPE, Judge.

Plaintiff/appellant Willie J. Stubbs brought this personal injury action against defendants/appellees Tri-State Culvert Corporation and its employee Leroy Givens. The jury returned a verdict in favor of both defendants. Plaintiff brings this appeal enumerating as error the trial court's denial of his motion for directed verdict as to the issue of liability and also the denial of his motion for new trial.

1. Plaintiff contends that he was injured while driving a tractor trailer dump truck when his vehicle was struck in the rear in Butts County in the northbound lane of I-75 before dawn at approximately 4:30 a.m. on the morning of April 2, 1982. The weather was clear, the roadway dry and straightaway. Plaintiff testified: "Well, I was just driving . . . along and all of a sudden I felt . . . an impact and I just wondered what happened, and I looked in my rear view mirror and I saw this other truck back here trying to stop me, so I just pulled off to the side [and] stopped." The other truck was a flat bed tractor trailer driven by defendant Givens. Plaintiff testified that he had been maintaining a steady speed, which he estimated at various times in his testimony to have been as low as 40 m.p.h. and as high as 55 m.p.h. He further stated that prior to the collision he had neither noticed this other truck nor heard any commotion or racket in the southbound lanes. Defendant Givens testified: "I was proceeding northbound on Interstate 75 and I heard a racket over on the southbound side over there and I looked off and when I looked back I was right on him, and I swerved to the left hand side of the road to avoid

the accident but I didn't make it. . . . And I just run [sic] into him there." Givens testified that he had been following plaintiff for a couple of miles at a speed between 50 and 60 m.p.h. and was maintaining a distance of four to five car lengths behind plaintiff at the time he looked over to the southbound lanes for what he estimated to be "a matter of seconds." At that time he neither braked nor accelerated his vehicle. Givens further testified that in his opinion plaintiff did not do anything prior to the collision which contributed to the accident. The damage to plaintiff's vehicle was described as minor, the left portion of the apron or gravel shield of the trailer having been "pushed in maybe a couple of inches." The trailer continued in use without repair. The damage to defendants' vehicle was more extensive and included damage to the grill, radiator and right fender. Givens was issued a traffic citation at the scene for following too closely, and he paid the fine imposed later that morning.

"Issues of negligence and proximate cause are generally for the jury, and a court should not decide them except in plain and indisputable cases. [Cits.] 'Even where there is no dispute as to the facts, it is, however, usually for the jury to say whether the conduct in question met the standard of the reasonable man.' [Cits.] 'Of course, where there is no dispute as to the facts, and they amount to a confession of liability as a matter of law, a directed verdict is warranted.' [Cits.]" *Collins v. McGlamory*, 152 Ga. App. 114 (262 SE2d 262) (1979). Indeed, there must be more than a mere scintilla of circumstances to carry the case to the jury. See *Inglett v. Ratliff*, 150 Ga. App. 688, 693 (258 SE2d 320) (1979) (dissenting opinion). Plaintiff argues that he was entitled to a directed verdict on the issue of liability because the above-cited testimony clearly established defendants' liability. Defendants counter by arguing that if all of the above-cited testimony is true, the subject collision would not have occurred. Defendants assert that the jury could have reasonably inferred that plaintiff, contrary to his testimony, took some action which contributed to the collision.

Certainly the above-cited testimony, standing alone, presents an extremely strong case supporting plaintiff's motion for directed verdict on the issue of liability. See, e.g., *Nail v. Green*, 147 Ga. App. 660 (249 SE2d 666) (1978); *Walls v. Parker*, 146 Ga. App. 882 (1) (247 SE2d 556) (1978); *Johnson v. Curenton*, 127 Ga. App. 687 (1) (195 SE2d 279) (1972). However, a directed verdict is authorized only "[i]f there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. . . ." OCGA § 9-11-50 (a). We are thus faced in this case with the question of whether defendants' assertion of plaintiff's lack of credibility as to the issue of liability can be reasonably deduced from the evidence presented at trial.

While plaintiff's version of the circumstances of the collision is essentially undisputed, the record is replete with instances as to other material matters, particularly the nature and extent of plaintiff's injuries, where plaintiff's testimony was impeached, i.e., his credibility was attacked, by showing contradictions (disproving facts testified to by him) and prior inconsistent statements. See generally OCGA §§ 24-9-82 and 24-9-83; see also Green, Ga. Law of Evidence (2nd ed.), §§ 132, 133. "The credibility of a witness is a matter to be determined by the jury under proper instructions from the court." OCGA § 24-9-80. "When a witness shall be successfully contradicted as to a material matter, his credit as to other matters shall be for the jury. The credit to be given a witness's testimony where impeached . . . . for contradictory statements out of court shall be for the jury to determine." OCGA § 24-9-85 (a). "[U]nder the facts of this case and the law applicable thereto, whether or not the witness [plaintiff] had been successfully impeached and the weight to be given to his testimony was a matter exclusively for the [jury]." *Hardware Mut. Cas. Co. v. Mullis*, 75 Ga. App. 233, 236-37 (43 SE2d 122) (1947). Accordingly, the trial court did not err in denying plaintiff's motion for directed verdict as to the issue of liability. See *Finley v. Griswold*, 149 Ga. App. 612 (1) (255 SE2d 87) (1979); cf. *Raven v. Dodd's Auto Sales*, 117 Ga. App. 416 (3, 4) (160 SE2d 633) (1968). See generally *Atlanta Coca-Cola Bottling Co. v. Jones*, 236 Ga. 448 (224 SE2d 25) (1976).

2. In light of our holding in Division 1 of this opinion, the trial court did not abuse its discretion in denying plaintiff's motion for new trial. See, e.g., *Farley v. Thompson*, 154 Ga. App. 505 (268 SE2d 778) (1980), and cits.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 4, 1985 —
REHEARING DENIED NOVEMBER 27, 1985 —

*Kenneth J. Rajotte*, for appellant.
*Arthur H. Glaser, B. Holland Pritchard*, for appellees.