## 77581. HANSEN v. WHITE.
(379 SE2d 536)

CARLEY, Chief Judge.

Appellant-plaintiff brought suit against appellee-defendant, seeking damages for personal injuries she allegedly sustained in an automobile collision. The case was tried before a jury and a verdict in favor of appellee was returned. Appellant appeals from the judgment entered by the trial court on the jury's verdict.

1. Appellant enumerates as error the trial court's denial of her motion for new trial on the general grounds.

" 'The jury verdict has the approval of the trial judge, and after verdict the evidence is to be construed in the light most favorable to the prevailing party and every presumption and inference is in favor of sustaining the verdict. [Cit.] And, if there is any evidence to sustain the verdict of the jury, an appellate court will not disturb it. [Cit.]' [Cit.]" *Nolen v. Murray Indus.,* 165 Ga. App. 785, 786 (1) (302 SE2d 689) (1983). See also *Houston v. Hughes,* 172 Ga. App. 638 (324 SE2d 206) (1984). By its return of a general verdict in favor of appellee, the jury necessarily concluded either that appellee was not negligent or that, if he was, appellant did not sustain a serious injury as the result of that negligence. Assuming without deciding that the evidence would demand a finding that appellee was negligent, a review of the trial transcript reveals evidence from which the jury was authorized to find that appellant suffered no recoverable damage as the result of the collision.

There was conflicting testimony with regard to the cause of all of appellant's alleged injuries except one. Appellant testified that she had "suffered an acute cervical strain" in the collision and this testimony was not directly contradicted. However, appellant's credibility was drawn into question when, during the trial, she admitted that her earlier answers to interrogatories and responses on oral deposition

with regard to her prior medical history were incorrect. "[D]ue to the conflicts in plaintiff's evidence and the possible impeachment of the plaintiff by the proof of prior conflicting statements and by disproof of essential facts testified to by the plaintiff, the jury was authorized to disregard plaintiff's testimony. Furthermore, while we are reluctant to speculate as to what inference was drawn from the evidence by the jury, we must note that the evidence authorized conclusions other than those advocated by plaintiff." *McBryde v. Roberts*, 160 Ga. App. 416, 417 (287 SE2d 349) (1981). " 'Conceding, but without deciding, that the evidence demanded a finding that the defendant was negligent and that this negligence was the proximate cause of the automobile collision, the evidence authorized but did not demand a finding that plaintiff had suffered any [serious] injury attributable to the collision. The jury is the judge of the veracity of parties and witnesses; under the evidence in this record they were authorized to disbelieve plaintiff's claim of injury as a result of the collision. Accordingly, the judgment for defendant, based upon the verdict of the jury, will not be disturbed.' [Cits.]" *Hiter v. Shelp*, 134 Ga. App. 814 (216 SE2d 666) (1975). See also *King v. Loyd*, 170 Ga. App. 638, 639 (1) (317 SE2d 879) (1984).

*Cochran v. Lynch*, 126 Ga. App. 866 (192 SE2d 165) (1972) is distinguishable and does not compel a contrary result. "The distinction lies in the fact that in *Cochran* only the plaintiff and her doctor testified as to the extent of her injuries and their testimony was contradicted by neither testimony nor circumstances. In other words, the evidence there demanded a finding that the plaintiff was injured to some extent; if she was injured the causal chain was unbroken. Here the plaintiff is indeed injured but the question is whether she was injured *by the collision.* Opposing medical testimony and the intervening time support the negative inferences which the jury must have drawn from the evidence, and this alone is enough to preclude this court from reversing." (Emphasis in original.) *Davis v. McCray*, 127 Ga. App. 281, 282 (193 SE2d 200) (1972).

Moreover, *Cochran* is otherwise inapplicable because it "was decided prior to enactment of the Georgia Motor Vehicle Accident Reparations Act. . . ." *Hughes v. Newell*, 152 Ga. App. 618, 622 (2) (263 SE2d 505) (1979). Because the evidence clearly authorized the jury to find that the "serious injury" threshold of OCGA § 33-34-9 had not been met, the trial court did not err in denying appellant's motion for new trial on the general grounds. See *Nolen v. Murray Indus.*, supra; *Houston v. Hughes*, supra.

2. Appellant enumerates as error the trial court's refusal "to allow evidence that [a]ppellee had forfeited bond on the traffic charges which arose from the accident in question."

The record reveals that, for the reasons discussed in *Townsend v.*

*Brantley*, 163 Ga. App. 899-900 (1) (296 SE2d 186) (1982), the evidentiary ruling of the trial court was not erroneous.

*Judgment affirmed. Birdsong, Sognier, Pope and Beasley, JJ., concur. Deen, P. J., McMurray, P. J., Banke, P. J., and Benham, J., dissent.*

DEEN, Presiding Judge, dissenting.

The investigating police officer testified that appellee left 38 feet of skid marks prior to the impact, that he was traveling at approximately 35 m.p.h. in a 45-m.p.h. zone, that the weather conditions were good, that appellee knocked the Hansen vehicle approximately 14 feet into the rear of a Dodge van which, in turn, was knocked 13 feet into a Volkswagen. It cost approximately $4,000 to repair the Hansen automobile. Visibility was unobstructed approximately 500 feet before the intersection. Appellant's husband testified that he was traveling below the speed limit and following a line of traffic when the lead vehicle slowed and stopped to make a turn. His stop was not sudden or unusual, and he had come to a complete stop approximately 15 seconds before his automobile was struck by White's vehicle. Mr. Hansen also testified that immediately after the accident White apologized to him for the accident and stated that he had taken his eyes off the road to look at a girl get into a sports car in the school parking lot. White testified that there was a commotion on the playground and "there was a woman there," and that when he looked up "the traffic was stopped" and he applied his brakes as quickly as possible to prevent the accident, but everything happened too fast to stop. He did not offer any defense except to claim that the collision was just "an accident."

Teresa Hansen testified that she was riding in the front passenger seat and had her seat belt fastened. Her body was twisted in the seat, as she was conversing with the passenger in the rear seat. She claims that she was thrown against the dash by the impact and her right arm was wedged below the armrest. She was transported to the emergency room of a local hospital by ambulance. She was seen by a physician, X-rayed and treated for her bruised and swollen arm. The attending physician testified that she complained mainly of pain in the right side of her neck area and that he did not notice any injury to her right shoulder area. He was of the opinion that she suffered a cervical strain and had some pre-existing cervical spondylitis, an arthritic condition. She was given a tetanus shot and instructed to keep her right arm in a sling for three weeks. On a subsequent visit to the doctor, she complained that she was having a great deal of pain, and he prescribed a physical therapy program which she attended eleven times. She incurred $756.44 in medical expenses. Approximately one month after the collision, she and her husband returned to their home

in Connecticut. She continued to have pain and consulted various doctors, including orthopedic specialists, and was eventually diagnosed as having a complete tear of the right rotator cuff tendon. She incurred an additional $1,922.34 in medical bills and $710 for a house-cleaning service for work that she claimed that she was unable to perform. There was also testimony as to the restrictions that were placed upon her social life as a result of her injury.

In returning a verdict for the defendant, a jury could have concluded only that the defendant was not negligent or that appellant did not sustain serious injury resulting from the defendant's negligence.

OCGA § 40-6-49 provides: "(a) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway." Under subsection (d): "Vehicles which approach from the rear any other vehicle or vehicles stopped or slowed to make a lawful turn shall be deemed to be following for purposes of this Code section."

"Following too closely, without due regard for the speed of vehicles ahead and the traffic on and condition of the highway, is a violation of the Georgia motor vehicle laws. . . . *Forehand v. Pace*, 146 Ga. App. 682 (247 SE2d 192) (1978). 'If, considering all the surroundings and accompanying circumstances an event is such "as in the ordinary course of things would not have occurred if the defendant had used ordinary care, negligence may be presumed, and place upon the defendant the burden of explaining the cause of the occurrence."' *McCann v. Lindsey*, 109 Ga. App. 104 (135 SE2d 519) (1964)." *Wallace v. Yarbrough*, 155 Ga. App. 184, 186 (270 SE2d 357) (1980).

A jury decides issues as to due care and whether it was exercised except when reasonable minds may not differ. *Chadwick v. Miller*, 169 Ga. App. 338 (312 SE2d 835) (1983). In the instant case, reasonable minds could not differ. There were no weather problems on the day in question, and the defendant had a clear unobstructed view of the road and the traffic ahead of him. He admitted that he allowed himself to be distracted and when he looked back at the road, he could not stop his automobile in time to avoid a collision with the rear of the Hansen vehicle. As in *Todd v. City of Brunswick*, 175 Ga. App. 562 (334 SE2d 1) (1985), the defendant claimed the collision was just an accident, but there was no evidence presented at trial to support an inference that an emergency arose or that any out-of-the-ordinary acts by the plaintiff or third parties contributed to the collision. In cases involving rear-end collisions where there is no dispute as to the facts, it amounts to a confession of liability as a matter of law. *Atlanta Coca-Cola Bottling Co. v. Jones*, 236 Ga. 448 (224 SE2d 25) (1976); *Nail v. Green*, 147 Ga. App. 660 (249 SE2d 666) (1978). "The

driver of a motor vehicle has no right to assume that the road ahead of him is clear of traffic, and he must maintain a diligent lookout therefor." *Leggett v. Brewton,* 104 Ga. App. 580 (3) (122 SE2d 469) (1961).

As reasonable minds could not disagree that the defendant was negligent because he did not show any legal reason or excuse for failing to avoid the collision, I will next consider whether there was any evidence to support the jury verdict of non-liability for the plaintiff's injuries because she did not sustain a serious injury.

On appeal, appellant concedes that some dispute may exist as to the causal relationship between the automobile collision and her right rotator cuff tear, which was not diagnosed for approximately five months after the accident, and the conflicting expert testimony as to the length of time that this injury had existed. She argues, however, that the same statement cannot be made about her neck injury. I would agree.

The evidence at trial was uncontroverted that Mrs. Hansen suffered an acute cervical strain in the accident and that, while she had experienced numerous medical problems in the past, none of them involved her neck. After the collision she was immediately transported to the emergency room of the hospital for care and received treatment for her injuries. The attending physician's testimony indicated that she was treated only for a neck injury, and the evidence further shows that she had complaints of pain in her neck from the time of the collision until her final visit to him some thirty days after the accident.

While "a jury is not bound to accept and credit the testimony of a witness who is a party to the litigation . . . and . . . a fact-finding body . . . is not bound to accept and credit the testimony of an expert, such as a physician . . . , positive and direct testimony of an unimpeached witness cannot be arbitrarily rejected by a jury. [Cits.]" *Cochran v. Lynch,* 126 Ga. App. 866, 867 (192 SE2d 165) (1972). As in *Cochran,* the plaintiff testified that she was injured and suffered. " 'The law infers bodily pain and suffering from personal injury . . . .' " *Dodson v. Cobb,* 92 Ga. App. 654, 655 (89 SE2d 552) (1955).

The evidence also showed that appellant met the "serious injury" threshold for recovery as required under OCGA §§ 33-34-9; 33-34-2 (13), because the evidence was uncontroverted that she incurred medical expenses in excess of $500 for treatment of injuries directly related to the collision.

As there was no evidence to support the jury verdict, the trial court erred in denying appellant's motion for a new trial.

I am authorized to state that Presiding Judge McMurray, Presiding Judge Banke, and Judge Benham join in this dissent.

Decided February 13, 1989 —
Rehearing denied March 6, 1989 — 

Samuel W. Oates, Jr., for appellant.
Richard A. Marchetti, for appellee.