## A97A0941. DAVES v. DAVIDSON.
### (492 SE2d 304)

McMurray, Presiding Judge.

Joseph Gibson Daves filed a personal injury action against Terri Ann Davidson, alleging Davidson negligently drove her car into the rear of Daves' pickup truck. The evidence adduced at a jury trial reveals that Davidson's car collided into the rear of Daves' truck on a rainy afternoon in May 1992. Davidson testified that her rain-soaked shoe caused her foot to slip off the brake pedal, propelling her car into Daves' truck at about five mph. Davidson specifically described the collision during the following cross-examination: "We were all stopped at the light at Hargrove and Cobb Parkway in a long line of cars, and as you know or as sometimes it does occur, all of the cars were one right behind the other with very little space in between each other and I couldn't see the light. So, I was watching the car in front of me which was Mr. Daves' truck. The light must have turned green because we started to proceed again forward and then at that time, I saw that he had begun to stop and had stopped and I was doing the same thing and at that time when I went to apply my brake and I was in first gear because we were all had just started up and the light had turned — the light must have turned from green to red at that time when he began to stop. I went to apply my brake and my foot slipped off the brake. It did not hit the accelerator."

The jury returned a verdict for Davidson, rejecting Daves' negligence claim or finding that Daves' neck injuries arose from a subsequent unrelated automobile collision. This appeal followed. *Held*:

1. The trial court did not err in denying Daves' motion for directed verdict. Whether or not the following or approaching from the rear vehicle in a rear-end collision case has exercised ordinary care to avoid the collision is usually a jury question. *Cagle v. Ameagle Contractors*, 209 Ga. App. 712 (434 SE2d 546). " 'Just how close to a vehicle in the lead a following vehicle, ought, in the exercise of ordinary care, be driven, just what precautions a driver of such a vehicle must in the exercise of ordinary care take to avoid colliding with a leading vehicle which slows, stops, or swerves in front of him, . . . may not be laid down in any hard and fast or general rule. In each case except when reasonable minds may not differ, what due care required, and whether it was exercised, is for the jury.' " *Atlanta Coca-Cola Bottling Co. v. Jones*, 236 Ga. 448, 450 (224 SE2d 25). Davidson's testimony that her car struck Daves' truck because her

rain-soaked foot slipped off the brake pedal raises a jury question as to whether Davidson exercised ordinary care in operating her car at the time of the collision. See *Stubbs v. Tri-State Culvert Corp.*, 177 Ga. App. 113 (1) (338 SE2d 449); *Collins v. McGlamory*, 152 Ga. App. 114 (262 SE2d 262).

The rear-end collision cases Daves cites in support of his motion for directed verdict, *Nail v. Green*, 147 Ga. App. 660 (249 SE2d 666); *Walls v. Parker*, 146 Ga. App. 882 (1) (247 SE2d 556); and *Johnson v. Curenton*, 127 Ga. App. 687, 688-689 (195 SE2d 279), are not controlling in the case sub judice because the defendant drivers in these cases either admitted they were driving carelessly (not keeping a proper lookout) or gave no good reason for the rear-end collision. Davidson's excuse in the case sub judice was that her foot slipped off the brake pedal because of rainy weather conditions. This explanation, along with proof that Davidson was fully attentive to her driving responsibilities at the time of the collision and that she did everything possible to avoid the collision, authorized the jury's finding that Davidson was not negligently operating her car at the time of the collision.

2. Daves contends the trial court erred in failing to give his request to charge based on OCGA § 24-4-22, which requested as follows: "Where a party has evidence by which the party may repel a claim or charge against him/her, and omits to produce it, or having more certain and satisfactory evidence, relies on that which is of a weaker and inferior nature, a presumption arises that the charge or claim is well founded; but this presumption may be rebutted." Pointing out that causation was a key issue at trial, Daves argues that this charge should have been given because Davidson failed to call a physician who was as qualified as his expert (a neurosurgeon) to testify regarding which automobile collision actually caused Daves' neck injuries — the May 1992 collision between Daves and Davidson, or a subsequent collision between Daves and another party. This assertion is without merit. Not only is the above request to charge not adjusted to Daves' assertion regarding an omitted expert witness, *Shilliday v. Dunaway*, 220 Ga. App. 406, 410 (7) (469 SE2d 485), his theory does not fit the requirement that such a missing witness (an expert more qualified than the general physician Davidson called) have knowledge pertaining to the issue in question — i.e., a physician acquainted with Daves' alleged injuries. See *Meacham v. Barber*, 183 Ga. App. 533, 538 (5) (359 SE2d 424).

3. Daves contends the trial court erred in refusing to give his request to charge that "[a]n admission is a statement by a party which tends to aid the cause of the opposing party." Daves argues that this charge should have been given because Davidson admitted that she collided into his truck while it was stopped and that the sole

cause of the collision was her foot slipping off her car's brake pedal. These statements were not admissions of legal liability. They were statements of undisputed fact which the jury properly considered. Under such circumstances, the trial court did not abuse its judgment in refusing to give Daves' request to charge on admissions. See *Phoenix Ins. Co. v. Gray*, 113 Ga. 424, 426 (2) (38 SE 992).

4. Since Daves testified that he was not injured in the subsequent automobile collision, the trial court did not err in allowing Davidson to cross-examine him about a personal injury action filed on Daves' behalf to recover for injuries Daves allegedly sustained in the subsequent collision. *Ga. American Ins. Co. v. Varnum*, 179 Ga. App. 195, 196 (2) (345 SE2d 863).

5. The trial court did not err in refusing to allow admission of a jar of fluid which Daves claims is tissue that his surgeon removed from Daves' backbone. Although Daves testified that his surgeon gave him this jar as a post-surgical souvenir, Daves did not offer proof authenticating that the contents of this jar actually came from his backbone. Compare *Gadson v. State*, 263 Ga. 626, 627 (2) (437 SE2d 313).

6. In a single enumeration of error, defendant challenges the propriety of three of the trial court's jury instructions. "We elect in our discretion to review none of the multiple assertions of error." *White v. State*, 221 Ga. App. 860 (1), 861 (473 SE2d 539).

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED SEPTEMBER 17, 1997.

*Raymond C. Mayer*, for appellant.
*Downey & Cleveland, Russell B. Davis*, for appellee.