## A03A1562. CAMERON et al. v. PETERSON.

(589 SE2d 834)

MIKELL, Judge.

Kenneth E. Cameron and Lucille W. Cameron appeal the order denying their motion for new trial and judgment notwithstanding the verdict (j.n.o.v.) in their personal injury action against Ronald M. Peterson arising from a rear-end collision. The Camerons enumerate as error the denial of their motion for a directed verdict on the issue of Peterson's negligence. We affirm.

A directed verdict or j.n.o.v. is authorized only when there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demands the verdict sought.[1] "Once a jury has returned a verdict and it has been approved by the trial court, we will affirm the verdict if there is any evidence to support it as the jurors are the sole and exclusive judges of the weight and credit given the evidence."[2] In addition, we construe the evidence in the light most favorable to the verdict.[3]

So viewed, the evidence shows that when the collision occurred, Cameron's truck had reached the front of a long line of traffic in the right-hand turn lane on Pleasant Hill Road in Gwinnett County. Cameron was preparing to turn right onto Peachtree Industrial

---

[1] OCGA § 9-11-50.

[2] (Citation and punctuation omitted.) *Lucas v. Love*, 238 Ga. App. 463 (1) (519 SE2d 253) (1999).

[3] Id.

Boulevard. It was a rainy morning. Cameron testified that before attempting to turn, he looked to the left for oncoming traffic, but his view was obscured by a truck. According to Cameron, he pulled forward "as far as [he] dared" and was then hit from behind by Peterson. On cross-examination, Cameron testified that he stopped twice at the front of the line, moved a distance of six feet between stops, and was struck within one second after stopping the second time. Cameron, whose vehicle had been struck from the rear three months earlier, testified that this collision with Peterson caused only "a little bit more damage" to his truck. However, he claimed that he suffered extensive physical injuries.

Peterson testified that immediately before the impact, he was looking at Cameron's vehicle as well as looking to the left to check the traffic flow. He further testified that he applied his brakes when he saw the truck stopped, but that his car rocked forward and struck the truck. According to Peterson, the intersection was clear when Cameron reached it and there appeared to be no reason for him to have stopped a second time. Peterson testified that he was approximately two feet behind Cameron's vehicle before the second stop and that he was traveling at two to five mph at the point of impact.

After Peterson testified, Cameron moved for a directed verdict on the issue of negligence. The trial court denied the motion,[4] and the jury returned a defense verdict, apparently finding either that Peterson was not negligent or that Cameron's injuries stemmed from the prior collision.

On appeal, Cameron essentially argues that the evidence was undisputed that Peterson failed to keep a proper lookout and that Cameron was properly stopped while trying to determine whether it was safe to turn right against a red light. In reviewing this argument, we are mindful that directed verdicts are not favored in rear-end collision cases.

> All drivers of vehicles using the highways are held to the exercise of due care. A leading vehicle has no absolute legal position superior to that of one following. . . . Just how close to a vehicle in the lead a following vehicle, ought, in the exercise of ordinary care, be driven, just what precautions a driver of such a vehicle must in the exercise of ordinary care take to avoid colliding with a leading vehicle which slows, stops, or swerves in front of him, just what signals or warn-

---

[4] Cameron had moved for summary judgment as to liability. This Court granted Cameron's application for interlocutory appeal from the order denying the motion, but we subsequently dismissed the appeal. *Cameron v. Peterson*, Case No. A98A1616, decided November 6, 1998, cert. denied, Case No. S99C0469, 1999 Ga. LEXIS 344 (April 9, 1999).

ings the driver of a leading vehicle must, in the exercise of due care, give before stopping or slowing up of his intention to do so, may not be laid down in any hard and fast or general rule. In each case except when reasonable minds may not differ, what due care required, and whether it was exercised, is for the jury.[5]

As we recently noted in *Beckett v. Monroe*,[6] "[t]he issues of liability, degree of liability, or lack of liability on the part of any of the drivers involved should be resolved by a jury and not by trial and appellate judges, except in those rare circumstances when a party admits liability or the facts are undisputed."[7]

This case is not one of those "rare circumstances" which warrant the grant of a directed verdict. Peterson did not admit liability,[8] and, contrary to Cameron's argument, the relevant facts were disputed. The jury could have concluded from Peterson's testimony that he was keeping a proper lookout by watching Cameron's truck as well as the cross traffic. Nor does the fact that Peterson was unable to stop in time to avoid the collision demand a finding that he was following too closely, in violation of OCGA § 40-6-49. In this regard, *Daves v. Davidson*[9] is on point. In that rear-end collision case, the parties were stopped at a red light in a long line of traffic, with very little space between the cars.[10] The defendant testified that the light turned green, but must have turned red again because the plaintiff began to stop.[11] The defendant tried to apply her brake, but her foot, soaked from the rain, slipped off the brake pedal.[12] Citing *Atlanta Coca-Cola Bottling Co. v. Jones*,[13] we held that this testimony raised a jury question as to whether the defendant exercised ordinary care at the time of the collision.[14] Similarly, in this case, there was evidence that the light was red. Moreover, Peterson testified that he was watching Cameron's vehicle as well as oncoming traffic and that he tried to stop, but his car lurched forward. Under these circum-

---

[5] (Citations and punctuation omitted.) *Atlanta Coca-Cola Bottling Co. v. Jones*, 236 Ga. 448, 450 (224 SE2d 25) (1976).

[6] 249 Ga. App. 615 (548 SE2d 131) (2001).

[7] Id. at 616 (2), citing *Atlanta Coca-Cola Bottling Co.*, supra.

[8] Compare *Hambrick v. Makuch*, 228 Ga. App. 1, 2 (1) (491 SE2d 71) (1997) (defendant admitted negligence in her answer); *Nail v. Green*, 147 Ga. App. 660, 661 (249 SE2d 666) (1978) (defendant admitted not keeping a proper lookout).

[9] 228 Ga. App. 542 (492 SE2d 304) (1997).

[10] Id.

[11] Id.

[12] Id.

[13] Supra at 450.

[14] *Daves*, supra at 542-543 (1). See also *Lucas*, supra (defendant applied her brakes, but skidded on wet road and rear-ended plaintiff).

stances, the jury was authorized to conclude that Peterson was not negligent, and it is unnecessary to address Cameron's arguments concerning his own lack of negligence.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 5, 2003.

*Hilley & Frieder, Ronald L. Hilley, Mia I. Frieder,* for appellants. *Cooper & Makarenko, Gary M. Cooper,* for appellee.